OPINION of the Court, by
Judge Owsley.
This Was an action of assumpsit, brought by Letcher against Ormsby' in the court below. Nonassumpsit was pleaded, and leave given Ormsby to avail himself of any other defence on the trial that would be admissible under any legal plea. A verdict was obtained in favor of *270 Letcher, and Ormsby’s motion for a new trial overruh ed, and judgment rendered on the verdict of the jury. From this judgment Ormsby has appealed to this court.
Agreement debtor that a fettlemenc made by the creditor and a third perfon ihould be examined by either party, will not take a cafe out pf the ftatute.
Various points are made by the assignment of errors, none of which are thought necessary to be noticed, but such as relate to the operation of the statute of limitations, and grow ouc of the refusal of the court below to grant a new trial.
The cause of action for which this action was brought, appears from the evidence to have accrued between seven and eight years before the commencement of this action. But it appears from the record of this case that the appellant, in the year 180?, about three years after the cause of action accrued, left Jefferson county, his place of residence, for Europe, and did not return until about three years thereafter ; and hence it is contended by the appellee that according to a proviso m the statute of limitations the appellant is precluded from using itasa bar to the appellee’s action. By that proviso “ if any person or persons, defendant or defendants to any of the actions mentioned in the act, shall abscond or conceal themselves, or by removal out of the country or county where he or they do or shall reside, when such cause of action accrued, or by any other indirect ways or means defeat or obstruct any person or persons who have title thereto from bringing or maintaining all or any of the aforesaid actions, within the respective times limited by the act, that then and in such case such defendant or defendants are not to be admitted to plead the act in bar to any of the aforesaid actions.”
Whether, therefore, according to the sound construction of this proviso, the appellant’s absence so defeated or obstructed the appellee from bringing or maintaining his action, is the first and principal inquiry.
It cannot be admitted, as was urged in argument, that whenever the statute of limitations begins to run, no subsequent obstruction to bringing the action can bar a defendant from pleading it. Such a construction would not be only contrary to the spirit, but a direct violation of the letter of the act. It is true in relation to other provisions in the act, the rule is settled that where the statute begins to run, no subsequent disability will prevent its running. But the application ©£ this rule* *271 we apprehend, should be confined to those disabilities which by thé provision of the act should exist when the $ause of action accrued, and cannot affect those cáses falling within the proviso in question. If, therefore, at any time within the period required by law for bringing this action, the appellee has been defeated or obstructed from bringing or maintaining his action by any of the means mentioned in the proviso to the act, the statute cannot avail the appellant as a bar to the appel-lee’s right of recovery. But if the appellant’s absence is not such an obstruction, the appellee’s action is barred, unless by some other act the case is tak'en out of the statute.
We are, however, of opinion the appellant’s absence was not such an obstruction. He did not abscond of conceal himself; his absence was not a removal front the county or country ; it was but a temporary departure with an intent again to return to his place of residence. And surely it cannot have been the intent of the makers of the law that every tenhporary absence from the county or country should bar a defendant from pleading the statute ; nor do we think the appellant’s answer should have that effect: for notwithstanding his absence, the appellee might have brought his action* and although a personal service of the writ might not have been obtained, such proceedings could have been had as would have authorised a recovery.
But it is again contended this case is taken out of the statute by the agreement of Ormsby, within five years before this action was brought, that a settlement made with the brother of the appellee should be subject to the examination of either party. That agreement, we are of opinion, canndt take his case out of the statute ; it does not contain an acknowledgement of a subsisting demand, and a promise to pay in consideration thereof.
Üpon the whole, we think the statute of limitations barred the appellee’s action, and that the verdict of the jury was consequently contrary to law and evidence.
The judgment, therefore, is erroneous and must be reversed, and the cause remanded for a new trial.