NELSON, Appellant, *vs.* BEVERIDGE, Respondent.

1. Under the 8th section of the 3d article of the statute of limitations of 1845, it is not necessary that the acts there specified should be done by the debtor before the cause of action accrues, to prevent the statute from running. If done at any time within the period allowed for the commencement of the action, the result is, that the debtor loses the benefit of the time which had previously run, as well as of that during the continuance of the acts which prevent the commencement of an action.

*Appeal from St. Louis Law Commissioner's Court.*

Action commenced in February, 1854, on a note dated September 23, 1841, payable one day after date. The defendant relied upon the statute of limitation. At the trial, there was evidence tending to show that the defendant suddenly removed from St. Louis, where he had previously resided, in the fall of 1841, and that it was not known to his neighbors where he had gone to. On the other hand, there was evidence tending to show that his removal was open, that he went to Palmyra, in this state, and that it was generally known among the neighbors where he was going, and that one of them received letters from him after he left. The court instructed the jury that the case was governed by the statute of 1835, and not of 1845 ; and that the statute having once begun to run, the subsequent absence of the defendant did not suspend its operation, and that it was a complete bar to the plaintiff's recovery.

*M. L. Gray*, for appellant.

*Knox & Kellogg*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The note sued upon was given 23d of September, 1841, payable one day after date, and the maker, it is alleged, subsequently in October of the same year, absented himself so as to bring himself within the 8th section of the 3d article of the present revised statute of limitations, corresponding with the 8th section of the same statute in the revised code of 1835. The court below holding that the case was regulated by the act of 1835, (the cause of action having accrued before the passage of the present statute,) decided that the statute, having commenced running before the obstruction existed, continued, notwithstanding the subsequent occurrence of it. We think otherwise, and suppose that the case is governed by the act of 1845, as that statute contains no provision similar to the provision in the 7th section of the 3d article of the act of 1835. This is immaterial, however, in the present case, as the clause upon which the present question arises is to be found in both acts.

The rule that when the statute commences running, it is not interrupted by the occurrence of a subsequent disability, has nothing to do with a case of this character. The statute of limitation, after providing that actions shall be brought within the times limited for that purpose, provides that, if the party be a minor or a married woman, or insane, or imprisoned, at the time the cause of action accrues, he shall be allowed the same time to sue in, after the removal of the disability ; and in the construction of this clause, the courts hold, according to the letter of the law, that the disability must exist at the time the cause of action accrues, and that, if the right of action has accrued, and the statute begun to run, the occurrence of a subsequent disability will not avail. Here, however, as applicable to this case, the rule has nothing to stand on—neither the letter nor the intent of the law, and in a majority of the cases for which the law was intended to provide a remedy, would operate as a repeal of the statute. The intention of the law

was to deprive a party who had ran off, or by any other improper conduct on his part had obstructed the bringing of the suit at any time during the period allowed for that purpose, of the benefit of the statute in reference to the time that had previously elapsed, and upon the removal of the obstruction to revive the cause of action for the whole period originally allowed.

A reference to the history of our legislation upon this subject, and to the change which the language of the law has undergone, will satisfy us upon this matter. The provision came with the first statute of limitations on the 4th of July, 1807, (1 Ter. Laws, 144, sec. 4,) and was taken from the Kentucky act, (Ky. statutes by M. & B. 2 vol. 1139, tit. Limitations,) and came there from Virginia.

The words of our first act are : " If any defendant shall abscond, &c., he shall not be permitted to plead this act in bar to any suit, action, indictment or information"—almost identical with the words of the Kentucky statute, and in *Ormsby* v. *Letcher*, 3 Bibb, 269, it is said : " It cannot be admitted, as was urged in argument, that whenever the statute of limitations begins to run, no subsequent obstruction to bringing the action can bar a defendant from pleading it. Such a construction would not only be contrary to the spirit, but a direct violation of the letter of the act. It is true, in relation to other provisions in the act, the rule is settled that when the statute begins to run, no subsequent disability will prevent its running. But the application of this rule, we apprehend, should be confined to those disabilities which, by the provision of the act, should exist when the cause of action accrued, and cannot affect those cases falling within the proviso in question. If, therefore, at any time within the period required by law for bringing or maintaining his action the appellee was obstructed from bringing it, by any of the means mentioned in the proviso to the act, the statute cannot avail the appellant as a bar to the appellee's right of recovery." The intention of the legislature seems to have been, by the provision, as it was originally framed, to make such conduct, on the part of

the party, a perpetual forfeiture of the protection of the statute in reference to the particular cause of action that had been obstructed. At the revision of 1835, however, the language was changed, and the words now are : " If any person, by absconding, &c., prevent the commencement of any action, &c., such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to have been so prevented." So that now, instead of a total forfeiture of the protection of the statute, the effect of this improper conduct is to annul, as part of the statute time, all the time that had elapsed before the obstruction occurred, and to allow the party obstructed the whole time after the removal of the obstruction that was originally allowed him for bringing the action.

The judgment will be reversed and the cause remanded, but it must be observed that we express no opinion upon the sufficiency of the evidence to make out a case within the provision. It is not enough that the party has removed from his former residence, but the statute evidently contemplates that, in order to bring him within it, he must have been guilty of some improper conduct, which has had the effect of obstructing the bringing of the suit. (*Sneed* v. *Hall*, 2 A. K. Marshall, 22. *Wilson* v. *Koontz*, 7 Cranch, 203.) The judgment is accordingly reversed, and the cause remanded.