Chief Justice Marshall
delivered the opinion of the Court.
This action of assumpsit was brought in December, 1850, by William Price for William C. Price against Jane B. Ridgeley. The counts are in indebitatus assumpsit for money paid, loaned, and advanced by the plaintiff- to and for the defendant, at her request, in consideration of which they aver that she promised to pay, &c. The defendant pleaded non-assumpsit, and also that the cause of action had not accrued within five years before the commencement of the action. The replication to the second plea states, in substance, that in the beginning of the year 1841 the defendant in this state, and while *414 residing here, promised the plaintiff to pay his account in consideration of her then owing it, and thereupon immediately removed out of this state to the state of Missouri, and resided there, and continued out of this state, except as she occasionally passed through it, without the knowledge of plaintiff, and when he could not sue, until the summer of 1847, when she returned. Plaintiff says he was all the time obstructed, by said removal, from bringing his suit within five years, and that he now has right to maintain his suit, and had when he brought it.
1. A replication to the plea of the statute of limitations, in an action of assumpsit, aveving that the de fendant assumed to pay in 1841, and immediately thereafter removed to the state of disBouri, and there resided until 1847, and did not return to ¿■■ntncky, except occasionally passing thro’ it without plaintiff’s knowl edge, whereby plaintiff was obstructed from bring! nghis suit, presents a valid answer to the plea of the statute of limitations of 1796.
*414 A demurrer to this replication was overruled, and the defendant rejoined, and as we presume tendered issue, and a verdict and judgment having been rendered in favor of the plaintiff for $462 13, the defendant brings up the case for the revision of this court, complaining that the circuit court erred in overruling the demurrer to the replication, and also in giving and refusing instructions. We shall first notice the question arising on the demurrer, premising that upon the face of the record, and upon inspection of the copies of the replications certified, the replication as above set forth is that which was sustained upon demurrer, and on which the parties went to trial.
1. A good replication, which does not traverse the plea, must sustain the cause of action on which the declaration is founded, by averring new matter which avoids the effect of the plea; or if the plea, apparently answering the declaration, has mistaken the real cause for which the action was brought, a new assignment may be made. But in actions of assumpsit, upon promises expressed or implied, to pay money, although there may have been, successively, two express promises, or an implied and an express promise, founded on the same consideration of indebtedness, and for payment of the same debt, a general plea of non-assumpsit within five, or actio non accervit within five years, does not require a new assignment to authorize the plaintiff to rely upon *415 the subsequent promise, when the terms of the declaration apply as well to that as to the preceding or original one. It has, therefore, always been held to be a sufficient answer to such a plea for the plaintiff to reply a promise within five years ; and the action will be sustained by proving such a promise, although the original indebtedness accrued more than five years before the action, and although the-action, if there had been no plea of the statute of limitations, might have been sustained by proof of the original indebtedness, without proving the subsequent promise. And the same replication and proof, if the statute be relied on or the same proof, if there be no plea of the statute, are sufficient and effectual, although the original indebtedness and promise had in fact been barred by the statute before the new promise was made.
2. A promise made after the con-üderatb n of the first premise has been ad vane ed in consideration of the indebtedness, may be averred and relied upon, and theJi-i-itation in such case will commence from the hist promise; and if the plaintiff be obstructed in bringing his suit by the removal of ihe party from the country, the effect of limitation will be suspended during such obstruction.
2. This mode of proceeding in case of the statute being pleaded, may be allowed in England, on the ground that the new promise is not the real cause of action, but is only evidence that the original debt still subsists, and thus relieves it from the bar of the statute. But the statute, although founded perhaps upon presumption, is not regarded in this state as a mere rule of evidence, the effect of which may be repelled by other evidence which tends to disprove the presumption on which the rule is founded. It prescribes an imperative rule, by which every cause of action is absolutely barred by the lapse of five years without suit, unless the delay is the consequence of one of the causes which the statute itself enumerates as constituting exceptions to the rule. In this view of the statute this replication of a promise within five years is good only upon the ground that it is understood as implying and as equivalent to the averment that the action is founded upon this promise, which, if made within five years, and upon sufficient consideration — that is, in consideration of the original indebtedness — will, according to universal practice and precedent, suffice to sustain it, *416 whatever period may have elapsed after the original promise.
3. A party cannot com. plain of an instruction to the ■jury: by which he -could not have been prejudiced.
In this case the declaration is in the general form of indebitatus assumpsit, being blank as to the dates of the indebtedness and promises alleged. It therefore applies precisely as well to the promise slated in the replication as to any previous promise express or implied, founded upon the same consideration; and as in connection with the original consideration, that promise certainly constituted a good cause of action, which, under an}' construction of the statute, might be successfully asserted by suit within five years from its date, there is no reason why the action should not in this case be regarded as founded upon the same promise specified in the replication. It certainly may, and as we think, should be so regarded. And being a new cause of action, distinct from the original cause, though founded upon the same consideration, and being the very cause of action on which this action is brought, it is not affected by the previous lapse of time, running from the date of the original indebtedness, but itself forms a new event for the commencement of the bar by the statute ; and as this new cause of action would be barred by the lapse of five years, without accounting for the delay by some cause made sufficient by the statute to exempt the case from its operation, so it is saved from the bar by showing such cause for the delay.
3. If then the replication had stated the promise to have been made in 1847, that being within five years before the action, would have been sufficient as showing a cause of action not barred by time ; but as it states a promise made more than five years before the action, and which therefore was not alone sufficient, it was necessary to state additional facts which would prevent the operation of the bar against the cause of action, as specified in the replication, and which is taken to be the same on which the action is founded. Are the facts stated sufficient for this purpose ?
*417 The object of the replication is to bring the case within the 9th section of the general act of limitations of 1796, (Statute Law, 1113,) and especially within the provision which declares, in substance, that a defendant who, by removal from the county or country of his residence, or other indirect means, shall defeat or obstruct the person entitled from bringing or maintaining his action, shall not be admitted to plead the act in bar of such action.
In the case of Ormsby vs. Letcher, 3 Bibb, 270, it is explicitly stated that a removal subsequent to the accrual of the cause of action, may cause such an obstruction as is referred to in the 9th section, and may save the action although the statute may have commenced running before the obstruction was interposed. And in the case of Prather vs. Ross, 10 B. Monroe, 16, it vims held sufficient, under a proviso precisely similar, for the replication to aver that when the cause of action accrued the defendant resided in the county of M., and had obstructed the bringing of the action by removing from that county before the period of limitation had elapsed. The replication before us states that immediately upon the making of the alleged promise the defendant removed from this state, where she resided, to the state of Missouri, and resided there, and continued out of this state, except until the summer of 1847, and that the plaintiff was obstructed all the time’, by said removal, from bringing the action within five years, which must be understood to mean within five years from the accrual of the action; and leaving out the exception the replication is considered as bringing the case within the proviso, as interpreted by the two cases referred to, and as being according to the last case sufficient in its form. However short the interval may have been between the making of the promise and the removal from the state the promise was made, and the cause of action accrued in this state, and as the action upon it might have been brought in time but for the removal, the removal was an ob *418 struction to it. Whether the plaintiff intended to sU& immediately or not is immaterial; he was not precluded from doing so by any act of his, and he might have sued at any time within five years if it had not been for the removal of the defendant.
4. Assuming then that a removal and continuance1 out of the state is such an obstruction as, while it exists, prevents or suspends the operation of the statute by bringing the case within the saving of the 9th section, it cannot be doubted that such removal, immediately after the accrual of the causé of action, and a continuance out of the state until 1847, which was within five years before the commencement of the suit, would take the case out of the limitation, and leave it unaffected by the bar of the statute.— But this replication admits that the defendant during her alleged residence in Missouri was occasionally in this state, but says it was without the plaintiff’s knowledge, and that he could not sue until her return, áse., and that he was, by her removal, obstructed all the time from bringing his suit within five years. And the question is whether the fact that the defendant was temporarily in Kentucky, on one or more occasions, but without the knowledge of the plaintiff, is such a removal of the obstruction occasioned by the defendant’s having removed from, and her residence out of the state, as to take the case out of the proviso or exception of the statute, and to make a new point for the commencement of the limitation whenever the defendant entered the state, notwithstanding the plaintiff’s ignorance of the fact which, had he known it, would have enabled him to sue. We are of opinion that if the plaintiff was in fact ignorant, without fault, of the occasional visits of the defendant to this state1, he cannot justly be said to have had an opportunity of suing her, and the obstruction occasioned by her removal still continued, and repelled the operation of the bar. The proviso in the 8th section of the statute, in favor of the person entitled to the action, and who may be out of *419 the country, expressly subjects him to the limitatation on his return to the country. The suspension in his favor is founded on a supposed disability to sue while he is out of the state; and the disability being with his presumed knowledge removed by the mere fact of his coming into the state, his failure to sue becomes from that time mere laches, which the statute does not intend to assist. But when the defendant, by removal from the state, prevents or obstructs the bringing of the action, the saving of the plaintiff’s right from the effect of the bar would be utterly delusive if the mere presence of the defendant in any part of the state, however distant, for however short a time, and although wholly unknown to the person having the right to sue, might, without laches on his part, deprive him of the benefit of the saving. Until he knows, or ought to know, that he can sue, he is guilty of no neglect, and the privilege or saving caused by the act of the other party ought not, and in our opinion was not intended to be taken away.
5. We are of opinion, therefore, that upon the face of the replication the averment that the plaintiff, notwithstanding the admitted presence of the defendant in Kentucky without his knowledge, was, by her removal, obstructed from bringing his action all the time of her residence in Missouri, until her return to Kentucky, which was within five years before the commencement of this suit, is not only justified by the facts stated, but constitutes prima facie a sufficient answer to the plea. And the jury having, upon evidence clearly sufficient to sustain the truth of this replication, (since the promise proved though variant in terms, is not variant in legal effect from the promise alleged,) found a verdict in favor of the plaintiff for a sum also authorized by the evidence, the only remaining question is, whether there was any error in giving or refusing instructions? Upon this question it is sufficient to say, that the opinions of the court in giving and refusing instructions, so far *420 as they relate to the effect of the defendant’s removal from and her subsequent visit and final return to Kentucky, are founded on the same construction of the 9th section of the statute, which we have adopted, and are not erroneous in making the knowledge of the plaintiff necessary to deprive him of the benefit of the exception arising from the removal of the defendant to another state. And although the instruction relating to the effect of the promise stated in the replication, and proved to have been made immediately before the defendant’s removal, does not give precisely the same operation to that promise that we have given, but allows the jury to consider it as a cause co-operating with the removal to obstruct the bringing of the action, which, upon the evidence, may have been the case, yet as the difference upon this subject was ratber to the prejudice of the plaintiff than of the defendant, because it submitted the effect of the promise as a matter of fact instead of assuming it as a matter of law, and as it could not have affected the verdict to her injury, there is no available objection to the verdict on that ground.
Wherefore the judgment is affirmed.
A re-hearing was asked, but the petition was overruled.