Cook's Executor, Respondent, v. Holmes *et al.*, Appellants.

1. The running of the limitation act of March 6, 1835, was suspended by the departure of the debtor from his residence out of the state.
2. Where a promissory note is made to an administrator in his representative character, and such administrator dies, a suit thereon may be properly brought in the name of the executor of such administrator.

*Appeal from Ste. Genevieve Circuit Court.*

This was a suit commenced by attachment by Mason Frissell as executor of Nathaniel Cook, who was the surviving administrator of the estate of Thomas Maddin, deceased. The suit was on a promissory note for eight hundred and ten dollars, executed by defendants in favor of Nathaniel Cook and Richard Maddin, administrators of Thomas Maddin. The note was dated July 10, 1839, and was payable twelve months after date. It appeared in evidence that the defendants left the state of Missouri publicly with their families in the year 1845 and have since resided in the state of Arkansas. It appeared that one of the defendants had visited his former place of residence two or three times, and the other once or twice, and that Cook, plaintiff's testator, had knowledge of their departure and residence abroad. The cause

5—VOL. XXIX.

was tried by the court sitting as a jury. The defendants asked the court to instruct the jury as follows: "1. The note read in evidence having become due more than ten years before the commencement of the action, and the defendants then being residents of this state and having after that time remained in this state for several years, the right of action of plaintiff's intestate accrued at the time said note became due, and the statute of limitations commenced running against him, and the subsequent removal of defendants from the state, and their remaining absent with the knowledge of plaintiff's intestate that they were absent and where they resided in another state, does not prevent the continuing of the running of the statute of limitations. 2. The plaintiff's right of action having accrued more than ten years before the commencement of this suit is barred by limitation, and the evidence is not sufficient in law to relieve plaintiff from the operation of said statute." The court refused so to instruct. The court found for the plaintiff.

*Noell, Scott & Watkins,* for appellants.

I. The statute seems to apply more especially to those individuals absconding or concealing themselves to evade payment, and not to those who remove from the state years after the indebtedness accrued with *bona fide* intentions. The defendants came back to the county several times, and suit could have been instituted against them without resorting to the extraordinary process of attachment. They slumbered on their rights, and they should be held to abide by the consequences of their neglect. The court erred in refusing the instructions asked. (21 Mo. 22; 22 Mo. 330; 2 Mo. 220; 12 Mo. 239; 13 Mo. 159.)

II. The action is improperly commenced in the name of Frissell, executor of Cook, who was surviving administrator of Maddin. Cook being dead, the action must be prosecuted in the name of the representatives of both of Thomas Maddin's administrators, or the administrator *de bonis non* of Thomas Maddin.

*Frissell,* for respondent.

I. The fact that Cook knew that defendants had removed can in nowise be material. (See Garth v. Robards, 20 Mo. 523.) The ordinary process of the law could not reach them.

NAPTON, Judge, delivered the opinion of the court.

This was a suit upon a note and a plea of the statute of limitations. About four or five years after the cause of action accrued, the defendants removed with their families to Arkansas, and have resided there ever since, having made, however, occasional visits to this state in the interim. The question is whether the plea of ten years since the cause of action accrued is, under such circumstances, a bar, and we think it is not.

The statute of 1835, which governs this case, provided that " if, after a cause of action shall have accrued, such person depart from and reside out of this state, the time of his absence shall not be deemed or taken as a part of the time limited for the commencement of the action."

The case of Nelson v. Beveridge, 21 Mo. 22, was upon the eighth section of the third article of the statute of 1845, but the reasoning of the court, in that case, in relation to the maxim that where the statute once commences running it never stops, is applicable to this case. It is indeed manifest that this principle has no application to such provisions as are found either in the eighth section referred to in that case or in the section now under consideration. The case of Thomas v. Black, 22 Mo. 330, is a construction of the first part of the seventh section of the second article of the act of 1845, and merely decides that the provision has no application where the defendant is not a resident of the state when the cause of action accrues.

The latter part of this section, which is precisely like the provision of the act of 1838, is plain, that the absence of the defendant, after the cause of action accrues, out of the state, occasioned by a change of residence, is not counted in his

favor, whether the plaintiff is aware of such removal or not. It is not a question of absconding or concealment, as provided for in the eighth section of the third article, but a simple removal to another state, which stops the statutory bar whilst the residence abroad continues. In Garth v. Robards, 20 Mo. 522, a mere temporary absence to California, leaving a family and property here, was not considered as within this provision; but in the present case the defendants removed with their families and property, and continued to reside in Arkansas up to the time of the trial.

As the note sued on was given to Cook, administrator of Maddin, upon Cook's death the legal title to the note vested in his executor, and the suit was properly brought in the name of the executor of Cook.

The judgment is affirmed; the other judges concur.