JOHN B. JOHNSON, Respondent, v. JULIUS H. SMITH, Appellant.

1. *Limitations, Statute of — Absence from State — Construction of Statute.* —
Section 16 (Gen. Stat. 1865, p. 747) modifies the doctrine that the statute of
limitations, when once in motion, runs on without interruption; and as a
mere temporary absence does not stop the running of the statute, so a mere
temporary return or "flying visits," after the residence is changed, will not
stop the running of the exception.

2. *Limitations — Construction of Statute — Departure from State — Residence
— Domicile — Intention.* — The words "depart from and reside out of the
State," as employed in the statute (Gen. Stat. 1865, p. 747, § 16), do not
necessarily mean a departure with the intent to change permanently the resi-
dence of the party. The words "domicile" and "residence" have different
meanings. The debtor's "intentions," which enter so largely into questions
as to domicile, are of no benefit to the creditor so long as the debtor keeps out
of the reach of process and thus avoids a personal judgment against himself.
It is the fact of absence beyond the reach of process, for a substantial period
of time and for a purpose not transient in its character, that is important.

*Appeal from St. Louis Circuit Court.*

*George P. Doan,* for appellant.

I. The statute commenced to run at the date of the last item
of the account. Plaintiff should have commenced his suit within
five years from that date; otherwise he is barred. When the statute
commences to run, it does not stop. (Peck v. Randall, 1 Johns.
164; Trout v. Smith, 20 Johns. 33; Fowler v. Hart, 10 Johns.
463; Fitzhugh v. Anderson, 2 H. & M., Va., 289; Wilcox v.
Plummer, 4 Pet. 172; Landes v. Perkins, 12 Mo. 238; Smith v.
Newby, 13 Mo. 159; Ingraham v. Bowie, 4 Miss. 17; 2 Pars.
on Cont., ed. of 1855, p. 370.)

II. The statute begins to run when plaintiff could have brought
his action, whether he knew it or not. (2 Pars. on Cont., ed. of
1855, p. 372.)

III. The question of residence is almost entirely one of inten-
tion. (1 Kent's Com., 9th ed., p. 86; Sto. Confl. Laws, ch. 3.)
Temporary absence does not constitute residence elsewhere. (Col-
lester v. Hailey, 6 Gray, 517; Ingraham v. Bowie, 4 Miss. 17;
Jennison v. Hapgood, 10 Pick. 77; Drew v. Drew, 37 Me. 389;
Bucknam v. Thompson, 38 Me. 171; Am. Law Register, July,
1868, p. 545; Garth v. Robards, 20 Mo. 523; Green et al. v.
Beckwith, 38 Mo. 384.)

*E. T. Allen*, for respondent.

I. The first instruction asked by defendant was objectionable and properly refused. It is immaterial whether service could or could not have been made within five years after the date of the last item in the account. (Cook's Ex'r v. Holmes *et al.*, 29 Mo. 63; Burroughs v. Bloomer, 5 Denio, 532; Ford v. Babcock, 2 Sandf. 578; Didier v. Davison, 2 Barb. Ch. 477; Brown v. Rollins, 44 N. H. 446.)

II. The second instruction asked by defendant was objectionable and properly refused. An intention to remain in one place for some indefinite time is sufficient to make that place the party's domicile. (44 N. H. 383.) This instruction might have been objectionable if the section in question had read "the time during which he has a domicile abroad," instead of "the time of his absence." It cannot be held that the words "depart from and reside out of," and the word "absence" imply a greater degree of actual or intentional permanency of habitation than the word "domicile."

CURRIER, Judge, delivered the opinion of the court.

The plaintiff commenced this suit in October, 1867, on account of several items, the last of which was dated June, 1861. To the defendant's answer setting up the statute of limitations as a bar, the plaintiff replies, alleging that the defendant, after the debt accrued and before the suit was brought, "departed from and resided out of this State" for a period of time exceeding two years. Whether he did so or not was the fact in issue.

At the trial the defendant asked the court to instruct the jury that if they believed from the evidence that the "plaintiff could have had service with process in a writ at any time after the date of the last item in the account, and within five years from the said date, and did not so bring his suit, plaintiff is barred."

This is clearly not the law, and the court was right in refusing the instruction. The statute (Gen. Stat. 1865, p. 747, § 16) provides that if the debtor "departs from" and has his "residence out of this State" after the cause of an action accrues, the "time of his absence shall not be deemed or taken

Johnson v. Smith.

as any part of the time limited" for the commencement of suit. This exception is in the interest of creditors, and practically extends the period of limitation by the period of the debtor's absence. It modifies the doctrine, which constitutes the ground-work of the instruction, that the statute of limitations, when once in motion, runs on without interruption. As a mere temporary absence does not stop the running of the statute (20 Mo. 523), so a mere temporary return or "flying visits," after the residence is changed, will not stop the running of the exception. (29 Mo. 61.)

The court was also asked to instruct the jury, in behalf of the defendant, that the words "depart from and reside out of the State," as employed in the statute under consideration, mean a "departure with intent to change permanently the residence of the party." This was also refused. This point has been discussed as though the words "domicile" and "residence" meant the same thing, which is a mistake. A man may have his "domicile" in St. Louis, and have a right to vote at elections, etc., and at the same time reside in Europe; and this European residence may be prolonged for years without affecting his St. Louis domicile. So a debtor may depart from and reside out of the State, within the meaning of the statute, without abandoning his domicile in Missouri. But the debtor's intentions, which enter so largely into the question as to domicile, are of no benefit to the creditor so long as the debtor keeps out of the reach of process and thus avoids a personal judgment against himself. Nor is it conceived that the question of intention is very material. It is the fact of absence beyond the reach of process for a substantial period of time, and for a purpose not transient in its character, that is important. But if the statute contemplated a change of domicile, the instruction would nevertheless be wrong. For a man's domicile is where he has fixed his ordinary dwelling, without a present intention of removal, and that domicile may be changed to another, notwithstanding the party, on his departure, may cherish a secret purpose of returning at some indefinite time in the future. Nor does the intent at the time of removal necessarily decide anything, since the party's intentions may

change at a subsequent period. He may come to a different mind, and fix his dwelling in another locality with no present purpose of leaving it, and thus become domiciliated there, notwithstanding his original purpose.

The judgment is affirmed; the other judges concurring.