### V. K. Hines *v.* P. B. McCormick.

**Suit on Notes—Defense That Notes Were Given to Defraud Creditors— Statute of Limitations.**

It is no defense to a suit on notes to set up an unlawful arrangement between the parties to defraud creditors. Such a defense comes in bad grace from a defendant who has been a party to such a fraud.

**Statute of Limitations.**

Where a right of action accrued in 1864, and the defendant left the state in 1866 and became a non-resident, the statute of limitations will not run in his favor while absent, and his occasional return for temporary purposes, without the knowledge of plaintiff, will not change the rule.

APPEAL FROM BUTLER CIRCUIT COURT.

October 6, 1874.

OPINION BY JUDGE COFER:

That $4,500 was the price agreed to be paid by the appellant for the Wilson notes is established by a decided preponderance of the evidence. This being established, it is not very material whether the receipt of the 6th of January, 1865, was fairly or unfairly obtained, or whether it was written as it now is, or has been changed since. There is no pretense that the whole debt has been paid, except on the assumption that the price agreed to be paid was $3,000, instead of $4,500, as we adjudged it to have been.

The effort to show that the arrangement between the parties was an attempt to defraud the creditors of the appellee, not only comes with bad grace from appellant, but utterly fails upon the evidence.

. The plea of the statute of limitations is not sustained. The right of action accrued on the 10th of March, 1864; the appellant removed from this state in October, 1866, and has been a non-resident ever since. His occasional return to this state for temporary purposes, without the knowledge of appellee, will not entitle him to the benefit of the statute. *Ridgeley v. Price*, 16 B. Mon. 409; *Bennett, et al., v. Devlin, et al.*, 17 B. Mon. 353.

That appellant had property in this state, known to appellee, which might have been attached, does not prevent a suspension of the running of the statute during his absence from the state. It cannot be said that his absence did not obstruct the prosecution of an action against him. As well might it be said that a fraudulent deed was no obstruction or hinderance of creditors. It is true appellee might have attached appellant's property, and it is equally true that a creditor may disregard a fraudulent deed made by his debtor; yet it has never been held that such deed on that account did not obstruct or hinder creditors in the collection of their debts.

When a cause of action like this, "accrues against a resident of this state, and he, by departing therefrom * * * obstructs the prosecution of the action, the time of the continuance of such absence from the state * * * shall not be computed as any part of the period within which the action may be commenced." Sec. 9, Art. 4, Chap. 63, R. S.

That appellant's departure did obstruct the prosecution of the action, notwithstanding he had property here subject to attachment,

we have no doubt. The creditor was not bound to resort to the extraordinary proceeding by attachment, but had a right to wait until by personal service, he could not only reach his debtors' property, but could also obtain a personal judgment.

We perceive no error in the record, and the judgment is *affirmed.*

*H. T. Craik, for appellant.*
*J. Ricketts, for appellee.*