THOMAS DIXON, ET AL., *v.* ROBERT WALLACE, ET AL.

**Statute of Limitations—Non-Residence of Defendant.**

Where fifteen years and one month have elapsed from the date of the last credit on a note and a plea of the statute of limitations is set up, the burden is on the plaintiff to avoid the operation of the statute.

**Non-Residence of Defendant.**
Where a suit is brought on a note more than fifteen years after the date of the last payment on it, and where the defendant a part of the time resided out of the state, but made frequent visits back home, where plaintiff might have sued her, her removal from the state did not suspend the running of the statute of limitations.

APPEAL FROM FLEMING CIRCUIT COURT.

December 19, 1874.

OPINION BY JUDGE LINDSAY:

From the date of the last credit on the note sued on, up to the institution of this action, there was a period of fifteen years, one month and a few days.

Mrs. Wallace lived out of this state for about seven years, but she frequently visited Flemingburg, and her visits were open and known to the appellant, Dixon. He might have sued her on any of these visits, if he had chosen to do so. Her removal from the state did not, as matter of fact, obstruct him in coercing the payment of the debt by legal proceedings, and did not, therefore, suspend the running of the statute. *Ridgeley v. Price,* 16 B. Mon. 409. Dixon swears that Mrs. Wallace frequently promised to pay the note within fifteen years next preceding the institution of the action; but she deposes that she did not make such promises, and that she did not even know that the note was outstanding. Upon this question the testimony is equipoised.

The lapse of time presents, *prima facie,* a bar to the action. The onus was upon appellants to avoid the operation of the statute. They failed to do so. Hence the judgment dismissing their petition is correct.

Judgment *affirmed.*

*W. H. Card, for appellants.*