RAPHAEL VENUCI, *et al.*, Plaintiffs in Error, *vs.* DOMINICO CA-
DEMARTORI, Defendant in Error.

1. *Limitations, statute of—Non-residence, what will not prevent running of stat-
ute—Service of process.*—Where the residence of a debtor remains in this
State, so that service can be had upon him which will authorize a personal
judgment, (Wagn. Stat., 1007, § 7; 599, § 60) the statute of limitations will
run in his favor during his absence. The words of the statute, (Wagn. Stat.,
919, § 16) "depart from and reside out of the State," imply such a change of
residence that process of law cannot be served. (Garth vs. Robards, 20 Mo.,
523.)

*Error to St. Louis Circuit Court.*

*Arba N. Crane*, for Plaintiffs in Error.

I. The statutory exception, (Wagn. Stat., 919, § 16) applies,
because during the defendant's sojourn in Italy plaintiffs
could not have had service and judgment against him here,
that could be asserted in a foreign jurisdiction. (Johnson vs.
Smith, 43 Mo., 499, 501.) Our statute, (Wagn. Stat., 599, §
60) which makes the place where the family of a party resides
in this State, the abode of such party, has no application
here, because it affirmatively appears that Cademartori was
living abroad all the time, and, therefore, no question of con-
structive residence arises. And Cademartori not in fact be-
ing a resident citizen of Missouri during the eleven years he
lived in Italy, our courts for extra-territorial purposes could
acquire no jurisdiction over him during that time; so that
the supposed power of the State to regulate process against
its own citizens, so as to bind them, any and everywhere,
does not apply. (Latimer vs. Pac. R. R. Co., 43 Mo., 105.)

At best defendant had only a technical domicile in this
State by reason of the residence of his family here; but his
own abode was necessarily where he was living all this time,
which was in Italy. How then could any place in Missouri
be considered the usual place of abode of Cademartori, for
the purpose even of that sort of constructive personal service?
(Wagn. Stat., 1007, § 7, 3 subd.; Johnson vs. Smith, 43 Mo.,
501; Brown vs. Rollins, 44 N. H., 446.)

*Samuel Reber*, for Defendant in Error.

I. Absence from the State does not stop the running of the statute, where the defendant maintains his family and residence here, so that he may be sued by the ordinary process of law. (Garth vs. Robards, 20 Mo., 523.)

WAGNER, Judge, delivered the opinion of the court.

The only question presented by the record, is, whether the statute of limitations constituted a defense. The case was tried on an agreed statement of facts, and it shows that on the 1st of August, 1859, defendant made his promissory note for the sum of $278, payable to one of the plaintiffs one year after the date thereof; that at the time of the execution of the note defendant resided in the city of St. Louis with his family, and that in the spring of 1861, he went to Italy, leaving his wife and family at his residence in the said city, and that he remained absent till the year 1872, when he returned; that at the time he left for Italy, he left his family, consisting of his wife and children, at his residence, where they remained during the whole time, and provided for their support until his return; that at the time of his departure he was the owner of real estate in the city of St. Louis, and that before he left he conveyed the same to a trustee for his wife and family, in case of his death during his absence. On these facts the court held that the statute was a bar, and gave judgment for the defendant.

Section 16 of the second article of the limitation act, (Wagn. Stat., 919) provides that, if after the cause of action accrues against any person, the person shall depart from and reside out of the State, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of the action. The language of the statute is, where a person " departs from and resides out of the State." This contemplates that he should change his residence so that the process of the law cannot be served upon him. Where that happens then the creditor is remediless, and the debtor by his act has prevented the creditor from proceeding to ob-

tain satisfaction. But if the residence is not changed, and under the provisions of the law service can be had which will authorize a personal or general judgment, then the statute continues to run, and cannot be arrested in its course.

Under our statute a summons may be served by leaving a copy of the petition and writ at defendant's usual place of abode, with some white person of the family, over the age of fifteen years. (Wagn. Stat., 1007, § 7.) And the place where a person's family permanently resides is deemed in this State his place of abode. (Wagn. Stat., 599, § 60.)

The defendant's family had a permanent residence in the State. He left them at his residence, where they continued all the time that he was gone and until his return. He supported them all that time, and his property was left here. From these circumstances the presumption is, that he intended to return, and he actually did return. As his place of abode under the law was here, and service of summons there was entirely good at any time, there was nothing to prevent the plaintiff from bringing an action and obtaining a personal judgment, and prosecuting it to satisfaction. Under such circumstances, we can see no obstacle to the statute's running.

In a case entirely similar, except that the absence was not so long, it was said in this court: "We can see no reason why the statute should not run against the plaintiff under the circumstances of this case. All the ordinary process of the law authorized for the enforcement of demands was at his service. His writ, under our law, could have been served so as to warrant a general judgment, binding all the goods and chattels, lands and tenements of his debtor, and there was ample property to satisfy his demand. Under such a state of facts there could not possibly exist any reason for preventing a bar of the statute, and we would not be warranted in inferring that the legislature designed to interpose any obstacle to its running." (Garth vs. Robards, 20 Mo., 523, per Scott, J.)

This authority is conclusive. The judgment should be affirmed; the other judges concur.