JUDGE COFER
delivered the opinion of the court.
This action was commenced April 11, 1875, on four notes for $340 each, executed by the appellee to the appellant’s intestate. The last of the notes fell due February 1, 1852. At the time they were executed the appellee resided in the state of Missouri and the intestate in this state. The appellee continued to reside in Missouri until 1864, when he came to this state, and thereafter resided in Jefferson County, near the residence of the intestate.
The appellee pleaded: 1. Payment in cash, notes, and stock; 2. The Missouri statute of limitations of ten years; and 3. The Kentucky statute of fifteen years.
The plea of payment being special, can not be supported by lapse of time alone. There was no evidence in support of that plea, and it is not now insisted upon.
Section 19 of article 4 of the statute of limitations of this state provides, that “ When a cause of action has arisen in an- , other state or country, between residents of such state or country, or between them and residents of another state or country, and by the laws of the state or country where the cause of action accrued, an action can not be maintained thereon, by reason of the lapse of time, no action can be maintained thereon in this state.” (Gen. Stat., chap. 71.)
Claiming that the notes sued on were executed in Missouri, and the Missouri statute limiting actions on notes to ten years, the appellee’s counsel contends that the action is barred under section 19 supra and the Missouri statute, while the appellant’s counsel contends that the cause of action accrued in this state, and that section 19 has no application to the case. But we do not deem it necessary to decide that question, as we are of the opinion that the action is barred by the fifteen years’ statute of this state.
Section 1 of article 3 of the statute of limitations provides, that actions upon written contracts for the payment of money, *586 shall be commenced within fifteen years after the cause of action first accrued, and not afterward. That section bars this action unless it falls within some of the savings in the statute. The only saving relied upon as applicable to the case is contained in section 10, article 4, of the statute of limitations, which reads as follows: “Limitation shall not begin to run in favor of persons coming temporarily into this state, but attaches only in favor of actual residents, in good faith, and after notice to the person to be affected thereby.” This section was not contained in the Revised Statutes, or in any statute of limitations in this state, prior to the General Statutes.
Prior to the adoption of the General Statutes it was held, that the savings in the statute of limitations, on account of absence from the state, only applied to debtors who resided in this state at the time the liability was created, and therefore that a debtor who resided out of the state when the liability was created would be protected by the statute just as if he had been all the time within the state.
But counsel maintains that section 10 supra has changed that rule, and that one who is a non-resident at the time of becoming debtor to a resident of this state can only avail himself of our statute of limitations by becoming a resident of the state, and residing here for the full statutory period, with notice to the creditor. But we do not concur in this view of the statute. If it was the intention of the legislature, to make a change so radical in the statute, language more appropriate could, and doubtless would have been employed. Section 9 provides, that when a cause of action accrues against a resident of this state, and he, by departing therefrom, obstructs the prosecution of the action, the time of the continuance of his absence from the state shall not be computed as any part of the period within which the action may be commenced.
The language of section 9 is not free from ambiguity, and *587 tbe question might well arise, as it did in Ridgely v. Price (16 B. Mon. 409), whether a temporary return by one who had removed from the state would not defeat the saving, and whether the time the defendant was thus temporarily in the state should not be counted as a part of the period of limitation. To remedy that defect in section 9 was no doubt the object for which section 10 was introduced, and with that construction it is both reasonable and in harmony with the preceding sections and with the former rule in this state, which, as we have already said, restricted the saving in the statute, on account of absence from the state, to persons residing here when the cause of action accrued.
We are therefore of the opinion that the court did not err in dismissing the appellant’s petition, and the judgment is affirmed.