P. A. BENSLEY, Appellant, v. D. HAEBERLE, ADMINISTRATOR, Respondent.

St. Louis Court of Appeals, February 9, 1886.

1. APPEALS—ADMINISTRATORS—AFFIDAVIT—FILING—PRACTICE.—Where it appears that the administrator, in due time, filed his affidavit for appeal, the appeal can not be dismissed because the affidavit is not marked as filed and because the papers were not certified to the circuit court from the probate court for some months afterwards.

2. ——— CLERK'S DUTY.—Papers are to be considered filed when they are delivered to the clerk of the court for that purpose, and litigants will not, without more, be prejudiced by the clerk's failure to mark them filed.

3. STATUTE OF LIMITATIONS—REMOVAL OF DEBTOR.—The removal of the debtor from this state, which will arrest the running of the statute of limitations, is such a removal as will prevent the service of legal process authorizing a personal judgment against him.

APPEAL from the Greene County Circuit Court, M. G. McGREGOR, Judge.

*Affirmed.*

F. S. HEFFERNAN and O. H. TRAVERS, for the appellant: An appeal is exclusively a statutory proceeding; it is unknown to the common law. Being a statutory proceeding it can not be extended beyond the plain import of the statute granting it. *Street v. Francis*, 3 Ohio 277; S. P. 14, Mass., 420, 7 Pick. 321. Roberts at the time he left Missouri may have had an intention of returning at some indefinite time in the future; but if his acts and conduct were inconsistent with the intention to return, he would be considered as domiciled in Arkansas. *Johnson v. Smith*, 43 Mo. 501; *Scoville v. Glasner*, 79 Mo. 449; *The State ex rel. v. Dayton*, 77 Mo. 678. Roberts' intention to abandon his place of abode in Missouri and make his domicil in Arkansas may be determined by two facts: (1) his actua

abode in Arkansas·; (2) his determination to reside there permanently. *The State ex rel. v. Finn*, 4 Mo. App. 356; *Adams v. Abernathy*, 37 Mo. 198; *Frost v. Brisbin*, 19 Wend. 14.

C. W. THRASHER, for the respondent : The affidavit in this case in legal effect, was filed in the office of the clerk of the court under section 296, Revised Statutes, when it was properly sworn to and deposited with the clerk in his office for the purpose of taking an appeal. *Grubbs v. Cones*, 57 Mo. 83; *Baker v. Henry*, 63 Mo. 517. The statute of limitations did not cease to run against the defendant's intestate by reason of his absence, all his property remaining here and his family during all that time having a permanent residence in this state. *Venuci v. Cademartori*, 59 Mo. 352; *Garth v. Robards*, 20 Mo. 523; *Johnson v. Smith*, 43 Mo. 499; *Chariton County v. Moberly*, 59 Mo. 238; *Miller v. Tyler*, 61 Mo. 401; *Tiller v. Abernathy*, 37 Mo. 196.

ROMBAUER, J., delivered the opinion of the court.

Two questions are presented by the record : (1) whether the plaintiff's motion, addressed to the circuit court, to dismiss the defendant's appeal should have been sustained, and (2) whether the plaintiff's claim is barred by the statute of limitations.

The plaintiff exhibited her demand in the probate court of Greene county, and the court allowed it at the July term, 1884. The defendant administrator, within ten days after the adjournment of the July term, filed with the probate judge and ex-officio clerk of the court, an affidavit for appeal. This affidavit it would seem was mislaid by the judge, and no minute or memorandum of the appeal was made at the time, but, subsequently, in December, 1884, the papers in the case, including a substituted affidavit, were certified to the circuit court.

The certificate is as follows :

"STATE OF MISSOURI, } ss.
"COUNTY OF GREENE.

"I, W. H. Winton, judge and ex-officio clerk of the

probate court, in and for said county of Greene, hereby certify that the above and foregoing is a true copy of the original record in the cause of Parmelia A. Bensley *versus* estate of William G. Roberts, as the same appears in my office, and I further certify, and my recollection is, that after the rendition of said judgment, and on a day when said court was not in session, W. C. Price, the attorney for said administrator in the above entitled cause, subscribed and duly made oath before me to a paper purporting to be an affidavit for appeal on behalf of said administrator in this cause, and, as I supposed at the time, left the same with me, and that the same was on file in my office, and I also recollect that said W. C. Price at the time of making oath to said paper aforesaid, called my attention to the fact that the law did not require an administrator to give a bond in order to take an appeal ; that I have made diligent search for said affidavit for appeal and am unable to find the same in my office ; that I can not state the precise day when such affidavit was sworn to as aforesaid, but can state that it was not more than ten days after said July term of said court, 1884 ; that I supposed said affidavit was on file in my office in said cause until I failed to find it after diligent search for the same ; that I return herewith a supplied copy of said original affidavit, with the original papers in this cause, verified by the affidavit of William C. Price, which is also returned herewith.

"The appeal prayed for is, therefore, granted, and I return herewith the foregoing full and complete amended transcript and certificate of the records and proceedings in said cause, together with the original and supplied papers in my office relating to said cause.

"Witness my hand and the seal of said court at my office in the city of Springfield, this twenty-third day of December, 1884.

{ Seal of Greene County }
{     Probate Court.     }      W. H. Winton."

In the circuit court, the plaintiff moved to strike the cause from the docket, assigning as reasons :

1. That no appeal was taken from the order of the probate court allowing and classifying the plaintiff's demand.

2. That no affidavit for appeal was filed in the probate court.

3. That the pretended appeal was not taken in the time prescribed by law.

4. That the certificate of the judge and clerk can not be taken as the record in this cause, and is not, and does not pretend to be, a transcript of the proceedings herein, as they appear of record in the probate court.

Upon the trial of this motion, the probate judge and the defendant's attorney, without objection, gave their testimony substantiating the facts set out in the foregoing certificate, and the motion was thereupon overruled, the plaintiff excepting.

It is not contended by the defendant, that the records of any court can be thus eked out by oral testimony on appeal, and we assume the testimony was offered for no such purpose, as the appeal was taken in vacation, when no record entry proper could be made.

The claim is that the certificate itself shows that the defendant did all he was by law required to do, in due time and in proper manner, to perfect his appeal. The law provides that the applicant for such appeal, his agent, or attorney, shall file an affidavit, and that when an appeal shall be taken in vacation, the affidavit and bond shall be filed in the office of the clerk of said court, and shall be subject to the approval of the judge or clerk. Where no bond is required, as in this case, the filing of an affidavit in due time and proper form, is in itself an application for an appeal.

When this affidavit was filed it became the duty of the clerk to certify the papers to the circuit court. The filing of a paper is its actual delivery to the clerk for that purpose, without regard to any action that he may take thereon, and the true date of the act may be shown, without any file mark, and even in opposition thereto. *Grubbs v. Cones*, 57 Mo. 84.

The clerk could have been compelled to perform this duty by rule or *mandamus* ; that he performed it voluntarily, can give the plaintiff no right to have the appeal dismissed. The plaintiff has not been prejudiced by the failure of the clerk to certify the transcript at once, and in the absence of such prejudice the defendant could not be prejudiced by the omission of the clerk to perform a statutory duty. *St. Louis Bridge Co. v. Railroad Co.*, 72 Mo. 664, 667.

It results that the motion to strike the cause from the docket was properly overruled.

Whether the finding of the court for the defendant on the issue of limitation is tenable is, under the evidence, wholly a question of law, as there is no substantial dispute about the facts.

The causes of action are on a note and an open account, and accrued respectively in 1857 and 1858. The intestate Roberts was a resident of Missouri when they accrued. He owned a farm in Greene county, on which he and his family then resided, and on which they had resided for ten years prior thereto. His wife and part of his children continued to reside on the same farm, and in the same house, until long after his decease.

Roberts himself left the state of Missouri in February, 1862, returned the following spring and remained a short time, and then went back to Arkansas, where he died in 1865. He was a political refugee during the war, and practiced medicine while in Arkansas. The record is barren of any evidence that he ever entertained even an intention of permanently separating from his family, or of changing his domicil.

It is conceded that, if Roberts between the date of his departure in 1862, until his decease in 1865, had within the meaning of section twelve, chapter 103, Revised Statutes, 1855, "departed from, and resided out of this state," that then the judgment of the trial court can not be sustained.

The construction of that section was frequently before our courts, and the uniform construction it received

was, that where the residence of a debtor remains in this state, so that service can be had upon him which will authorize a personal judgment, the statute will run in his favor during his absence. It was so held in *Venuci v. Cademartori* (59 Mo. 352), although the debtor was continually absent and beyond seas for eleven years. That case is infinitely stronger in its facts than the present, and its authority has never been questioned.

There is no evidence of intention in this case, nor is such evidence material. It is the fact of absence beyond the reach of process that is important. *Johnson v. Smith*, 43 Mo. 499.

That a personal judgment against Roberts could have been obtained at any time prior to his decease, by service of process on a member of his family, in Greene county, admits of no doubt. It results that the trial court committed no error in refusing the plaintiff's instructions, based upon a hypothsis of Roberts' intentions. His domicil under the facts of the case, was the permanent residence of his family, on the homestead they had occupied together, and the judgment of the court for the defendant was an inevitable conclusion of law.

The judgment is affirmed. All the judges concur.