Zera ROCKWOOD et al., Appellants,

v.

D. B. HUEY, Jr., et al., d/b/a Huey Brothers Lumber Co., Appellees.

Court of Appeals of Kentucky.

May 19, 1961.

———◆———

Robbins & Cross, Mayfield, for appellants.

Reed & Hines, Paducah, for appellees.

PALMORE, Judge.

The question involved in this case is whether KRS 413.290 suspends the running of the 1-year statute of limitations (KRS 413.140) as to defendants who were nonresidents of Kentucky at the time the cause of action arose. The trial court ruled that it does not, and we concur.

The subject of the appeal is a claim for personal injuries sustained in an automobile accident at Mayfield, Kentucky. All of the parties were and still are nonresidents. Suit was filed more than a year after the accident. Though limitations were not specially pleaded in defense, the question was raised in the complaint and amended complaint, treated by the parties as properly in issue, and settled by a final order entered on that basis. Under these circumstances the requirement of CR 8.03 will be considered as waived.

KRS 413.290 (formerly § 2533, Kentucky Statutes) reads as follows:

"*413.290. Limitations only to residents; notice.* Limitations shall not begin to run in favor of persons coming temporarily into this state, but shall attach only in favor of actual residents in good faith, and after notice to the person to be affected thereby."

Counsel for appellant has practiced this case with great diligence and in so doing has reviewed the history of the statute and furnished the court a comprehensive tabulation of the saving statutes in other states. He is frank to confess, however, that O'Bannon's Adm'r v. O'Bannon, 1878, 13 Bush 583, 76 Ky. 583, is a stumbling block. In that case it was held specifically that the statute in question, originally enacted in 1873 as a part of the General Statutes, was designed merely to implement and clarify the older statute, now KRS 413.190(2), providing that if a resident of this state against whom a cause of action has accrued departs the state or otherwise conceals himself, limitations shall not run in his favor during the time of his absence or concealment. As appears from the opinion, the newer statute apparently codified what had been said by the court in Ridgeley v. Price, 1855, 16 B.Mon. 409, 55 Ky. 409.

We have given the utmost consideration to appellants' attack on the O'Bannon case,

and to the suggested distinctions inherent in subsequent decisions that have dealt with the subject, but a detailed analysis and defense in this opinion would only prolong the agony of all concerned. Suffice it to say that we re-affirm O'Bannon and find it altogether applicable.

Judgment affirmed.