**Berta GENRICH, Plaintiff/Appellant,**

v.

**E.W. WILLIAMS, III, M.D.,
Defendant/Respondent.**

No. 63252.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 7, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 20, 1994.

Application to Transfer Denied
Feb. 22, 1994.

Cervantes & Associates, Leonard P. Cervantes, Mario G. Silva, Frank Carbetero, St. Louis, for plaintiff/appellant.

Ronnie L. White, City Counselor, Julian L. Bush, Michael E. Hughes, Associate City Counselors, St. Louis, for defendant/respondent.

PUDLOWSKI, Judge.

In this medical malpractice action, respondent contended in a motion for summary judgment that the statute of limitations had expired on appellant's cause of action. The trial court sustained respondent's motion and appellant appeals. We reverse and remand.

Respondent was born in Texas and he moved to St. Louis in August, 1979 to train as a resident at St. Louis University Hospital. On December 29, 1982, respondent performed a hysterectomy on the appellant at

St. Louis City Hospital. In March, 1984, respondent moved from Missouri to the State of Louisiana. Appellant filed a medical malpractice action against the respondent on December 27, 1984. The City of St. Louis Sheriff returned the summons non-est in January, 1985. Appellant attempted service in Louisiana in October, 1986 and this summons was also returned non-est. Respondent had previously moved back to Texas and appellant obtained service in April, 1990. On May 16, 1991, appellant dismissed her cause of action without prejudice. She refiled her action on May 14, 1992.

Respondent filed a motion for summary judgment and contended that the statute of limitations for appellant's action had expired. The trial court sustained the motion and found that respondent was never a resident of the State of Missouri and therefore the tolling statute §,516.200, RSMo 1986 [1] was inapplicable. The court also found that appellant failed to exercise due diligence in bringing the action. This appeal followed.

To make a prima facie showing for summary judgment the movant bears the burden of establishing a right to judgment as a matter of law on the submitted record. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993). If there is any evidence in the record that presents a genuine dispute as to the material facts then the movant's prima facie showing is defeated. *Id.* The non-movant is given the benefit of all reasonable inferences. *Id.*

Respondent performed the surgery on December 29, 1982 and appellant filed her medical malpractice action on December 27, 1984, within the applicable two-year statute of limitations. § 516.105. The tolling statute, § 516.200 provides:

> If at any time when any cause of action herein specified accrues against any person who is a resident of this state, and he is absent therefrom, such action may be commenced within the times herein respectively limited, after the return of such person into the state; and if, after such cause of action shall have accrued, such person

> depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

If respondent was a "resident of this state" on December 29, 1982, then pursuant to the second clause of § 516.200 appellant's cause of action would be tolled after March, 1984 when respondent left the state. *Poling v. Moitra,* 717 S.W.2d 520, 521 (Mo. banc 1986); *Link v. Ise,* 716 S.W.2d 805, 809 (Mo.App. 1986).

The trial court, relying on *State ex rel. King v. Walsh,* 484 S.W.2d 641 (Mo. banc 1972), determined that respondent was never a resident of the State of Missouri. The respondent, in support of his position, also relies on *King.* Such reliance is inapposite. The quandary in this case is that case law has combined and shuffled the definitions of domicile, bona fide residence, legal residence and residence into a mix that resulted in the declaration by the court in *In re Ozias' Estate,* 29 S.W.2d 240, 243 (Mo.App.1930) that residence and domicile are interchangeable and synonymous.

In reliance of this suspect definition in *Ozias'* the parties in *King* agreed that the definition of domicile and residence were interchangeable and synonymous and to be applied in that fact situation. The majority of the Court accepted the party's concurrence and in that light determined the intervenor to be a resident and domiciled in the State of Missouri. In arriving at its determination the Court said the question in this case is whether after attaining his majority intervenor has changed his domicile by abandonment of the former and acquisition of a new one. *King,* 484 S.W.2d at 644–45.

■ That conclusion is not the issue in this case. The issue in this case is, did the respondent reside in the State of Missouri during the time the alleged malpractice occurred.

Black's Law Dictionary 1309 (6th ed 1990) (citations omitted) succinctly and positively compares and distinguishes the terms domicile and residence in this manner:

---

1. All statutory references are to RSMo 1986 unless otherwise indicated.

As "domicile" and "residence" are usually in the same place, they are frequently used as if they had the same meaning, but they are not identical terms, for a person may have two places of residence, as in the city and country, but only one domicile. Residence means living in a particular locality, but domicile means living in that locality with intent to make it a fixed and permanent home. Residence simply requires bodily presence as an inhabitant in a given place, while domicile requires bodily presence in that place and also an intention to make it one's domicile. "Residence" is not synonymous with "domicile," though the two terms are closely related; a person may have only one legal domicile at one time, but he may have more than one residence.

In the 1800's, our Supreme Court considered the meaning of the phrase "depart from and reside out of this state" for purposes of the second clause of the tolling statute. *Garth v. Robards,* 20 Mo. 523 (1855); *Johnson v. Smith,* 43 Mo. 499 (1869); *Venuci v. Cademartori,* 59 Mo. 352 (1875).[2] In *Garth* and *Venuci,* the defendants had left Missouri but left their families and homes behind. There was also additional evidence that the defendants intended to maintain Missouri as their permanent residence. The Court held that for purposes of the tolling statute the defendants did not reside outside of Missouri during their absence. Although not stated, the Court by noting the intent of the parties to maintain Missouri as their permanent home appeared to be treating the terms domicile and reside interchangeably. In both cases, however, the Court focused on the purpose of the statute. Because the defendants were subject to service in Missouri during their absence the Court held the purpose of the statute would not be served by tolling the actions. *Garth,* 20 Mo. at 525; *Venuci,* 59 Mo. at 354 (holding pursuant to service of process statute summons could be left at defendant's usual place of abode).

In *Johnson,* the Court recognized the distinction between the terms residence and domicile. The Court considered whether the instruction offered by the defendant was consistent with the tolling statute. The instruction provided that the phrase "depart from and reside out of th[is] state" means "departure with intent to change permanently the residence of the party." *Id.* at 501. In holding that the defendant's instruction had been properly refused at trial, the Court stated:

**This point has been discussed as though the words "domicile" and "residence" meant the same thing, which is a mistake.** A man may have his "domicile" in St. Louis, and have a right to vote at elections, etc., and at the same time reside in Europe; and this European residence may be prolonged for years without affecting the St. Louis domicile. So a debtor [defendant] may depart from and reside out of the state, within the meaning of the statute, without abandoning his domicile in Missouri. But the debtor's [defendant's] intentions, which enter so largely into the question as to domicile, are of no benefit to the creditor [plaintiff] so long as the debtor [defendant] keeps out of the reach of process and thus avoids a personal judgment against himself. Nor is it conceived that the question of intention is very material. It is the fact of absence beyond the reach of process for a substantial period of time, and for a purpose not transient in its character, that is important.

*Id.* (emphasis added).

In other cases, Missouri courts have held that the meaning of the term "resident" depends upon the purpose of the law where the word is employed and must be determined in each case. *Scotton v. Scotton,* 359 S.W.2d 501, 506 (Mo.App.1962); *State v. Tustin,* 322 S.W.2d 179, 181 (Mo.App.1959). By enacting the tolling statute, the legislature recognized the difficulty in obtaining service on an out-of-state defendant. *Poling,* 717 S.W.2d at 522. Section 506.150, RSMo Cum. Supp.1992 governs service of process in Missouri and provides guidance for the issue at

---

**2.** The attorney for respondent is to be highly commended for forthright disclosure in oral argument of additional authorities which he came upon in preparation for argument. His candor is in compliance with Supreme Court Rule 3.3. His citation of pertinent authority, especially those which support the opposition, is refreshing.

hand. *Haver v. Bassett*, 287 S.W.2d 342, 344–45 (Mo.App.1956) (construing the tolling statute with the service of process statute). Section 506.150.(1), RSMo Cum.Supp.1992 provides in part that service may be made by leaving a copy of the summons and petition at a person's "dwelling house or usual place of abode." For purposes of § 516.200, we find that a person is deemed a "resident of this state" if his/her usual place of abode is located within Missouri.

Respondent's affidavit asserts that he lived in St. Louis, Missouri, from 1979 until 1984 and although he lived in St. Louis he intended that his "residence" be in Texas. Also, it is undisputed that respondent lived in Missouri from August, 1979 until December, 1982 when the surgery was performed. During this period, he obtained a Missouri driver's license, worked at hospitals in this state and designated certain Missouri addresses as his residence. In addition, respondent obtained a marriage license which listed Webster Groves, Missouri as his residence. It is apparent from these facts that when respondent performed surgery on the appellant his residence was in Missouri. Because respondent was a "resident of this state" when the action accrued and he departed Missouri before the applicable two-year statute of limitations expired, pursuant to § 516.200 the action should have been tolled.[3]

■ The trial court also found that the appellant failed to exercise due diligence in bringing this action. In his motion for summary judgment, respondent contended that appellant failed to use due diligence because there was a twenty-one month period between the return of the original summons and the attempted service in New Orleans, and that there was a subsequent three and one-half year interval until respondent was served in Texas. Respondent also contended that during this period his address was available in various physician's directories.

We note that our research has not found any case which specifically addresses how the general rule regarding a party's failure to exercise due diligence in obtaining service on a defendant relates to § 516.200. In *Poling*,

our Supreme Court asserted that the tolling provisions of § 516.200 are clear, unequivocal, and free of ambiguity. The statute admits of no exception and the Court should not engraft one by judicial legislation. *Id.* at 522. The Court recognized that obtaining service on an out-of-state defendant is difficult because of problems in both locating a defendant and in obtaining out-of-state service once the defendant is found. *Id.*

In the present case, after performing the surgery respondent removed himself permanently from Missouri and never returned. In *Laughlin v. Laughlin*, 291 Mo. 472, 237 S.W. 1024 (banc 1922), the Court considered the application of the tolling statute for a defendant who was a Missouri resident when the cause of action accrued. The Court stated, "the defendant removed permanently from the state and never returned to Missouri to reside. After that time the statute of limitations ceased to run under **any** circumstances." *Id.* 237 S.W. at 1028 (emphasis added). We conclude that under a literal interpretation of § 516.200 the exercise of due diligence in commencing an action is not obligatory. *See Poling*, 717 S.W.2d at 522–23.

The judgment is reversed and remanded for further proceedings.

SIMON, P.J., and SMITH, J., concur.

---

**3.** After obtaining service, plaintiff subsequently dismissed her suit without prejudice on May 16, 1991. She refiled her action on May 14, 1992 which was within the one-year period as permitted by the savings statute, § 516.230. *Webb v. Mayuga*, 838 S.W.2d 96, 98 (Mo.App.S.D.1992).