## JOHN S. REED

*v.*

## PETER CURRY.

1. SUMMONS — *need not be marked "filed."* It is regular to enter a judgment for default of plea, when the summons has been regularly issued, and returned by the sheriff executed at the proper time, though the summons may not be marked "filed."

2. COUNTER-AFFIDAVITS. On a motion to set aside a default based on the ground of want of authority in the plaintiff's attorney to bring the suit, it is regular to hear counter-affidavits.

3. REVENUE STAMP. Such affidavit on such motion, or one made in the progress of a cause in court, does not require a stamp.

APPEAL from the Superior Court of Chicago.

This was an action of assumpsit commenced in the Superior Court of Chicago, to the October Term thereof, 1863, by Peter Curry against John S. Reed, for damages, laid at six hundred dollars.

The declaration contains a special count upon a note dated October 10, 1860, for $289.51, payable on demand after date, at the office of Reed in Chicago, with interest, value received. It also contains the common counts, and is in the usual form.

The default of Reed was entered October 7th, 1863, and reference made to the court to assess the damages.

Damages assessed at $361.62, and judgment entered in favor of Curry for that sum, with costs, October 8th, 1863.

Whereupon, a motion was made by counsel for Reed, to set aside the default and for leave to defend, which was overruled by the court.

Reed excepted to this ruling.

This stipulation was entered into by the respective attorneys, in the Superior Court:

" On the seventh day of October, 1863, when the default in this case was taken, the plaintiff's attorney, who moved for the default, produced the summons, and read to the court the return of the sheriff thereon. Such summons was then handed to the clerk of the Superior Court of Chicago, who placed the same among other papers, which were before him upon his desk, this being the same summons which appears upon pages two and three of the record filed herein.

" Judgment was entered the next day, October 8th, by default, as shown by said record, for $361.62. On the same day the attorney for the defendant, and appellant, with said clerk, examined the files in this case, but were unable to, and did not find the said summons.

" And on the 9th day of October, 1863, filed the affidavits and motion to set aside said judgment, as also is shown by said record.

" Said motion was argued and overruled, and appeal prayed and allowed, October 28th, 1863, during the same term, as also appears by said record.

" The said summons was found some days after said judgment was rendered, but was not marked filed by the clerk until some time after the appeal herein was allowed; and about the 25th day of November, A. D. 1863, said clerk of his own motion indorsed thereon: 'Filed October 7, 1863, Thomas B. Carter, clerk,' which is the same summons and indorsement of filing appearing at page three of said record. It is admitted by the appellant and appellee, that the foregoing is a true statement of the facts in relation to the filing and marking of the summons in this case, and is to be taken and considered by the court as forming a part of the record in this case, and in *lieu* of a return to the writ of *certiorari* heretofore allowed to the appellant herein, which is hereby waived as to any return thereto by the clerk."

The cause is brought here by appeal, and the following errors assigned:

The Superior Court of Chicago erred in entering the default of the appellant; in rendering judgment for the appellant for $361.62; in not dismissing the suit; in not permitting the appellant to make his defense to the suit; in admitting the affidavit filed by the appellee, to be read in evidence on the motion, to set aside the judgment; in overruling the objections made by the appellant to the reading of the affidavit of Clifford.

The action was brought without authority from the appellee, and should have been dismissed.

Messrs. HAINES & STOREY, for the appellant.

Messrs. HOSMER & PECK, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, brought in the Superior Court of the city of Chicago, by Curry against Reed, on a promissory note executed by Reed to Curry, for the payment of money.

It appears that a summons was issued against Reed, in the usual form, and served by the sheriff on the 25th of September, 1863. On the seventh of October following, there being no appearance and no plea, a regular default was entered against the defendant, on the production to the court of the summons served upon him. On the eighth, final judgment was entered. On the ninth, the defendant, by his attorney, entered a motion to set aside the default, which the court refused, and an appeal taken. After these proceedings were had, the clerk of the court, of his own motion, marked the summons filed as of the seventh day of October, the day on which the default was taken.

The principal points relied on by appellant, to reverse the judgment, are: 1. Entering a judgment by default in a case where the summons was not marked "filed." 2. In refusing to set aside the judgment, for the reason that the suit had been brought without the authority of the plaintiff. 3. Because

the court permitted a counter affidavit to be filed, on the motion to vacate the judgment. 4. The court permitted an affidavit to be read on behalf of the plaintiff, there being no excise stamp, to the jurat. There are some other minor points which the discussion of these will settle, not necessary to be stated particularly. As to the first point, the record shows when the default was taken, the defendant had not entered an appearance or employed any attorney to appear for him. Here, then, was an absence of diligence in defending the suit. It is conceded the summons was actually served on the defendant in ample time to employ counsel and prepare his defense, if he had one. The fact being incontestible that the summons was served, what additional potency, for the purposes of defense, would the file mark of the clerk give to it? However negligent the clerk may have been, in the performance of his duty, such negligence could not detract from the efficacy of the writ, duly served. *That* was served. The writ commanded the defendant to be present in court on a certain day, to answer this demand, and the writ being shown to the court as a regular summons out of that court, duly served on the defendant, warranted the court in allowing the default. By showing the summons to the court, and placing it in the hands of the clerk, the plaintiff had performed every duty required of him in respect to it. If the clerk lost it afterwards, the plaintiff should not lose his judgment thereby.

The cases cited by counsel for appellee are in principle analogous to this. *Little* v. *Smith*, 4 Scam. 400. There this court held, that a party having done all he was required to do to perfect his appeal from a justice of the peace, could not be made to suffer by the negligence of the magistrate in returning the papers to the Circuit Court. So in *Merrick* v. *Wallace*, 19 Ill. 486, we held that where a party, under the statute then in force, had deposited his deed for record, he had performed his duty, and was not to suffer by the laches of the recorder. If the clerk could not find this summons when it was required of him by the defendant, it may be accounted for from the peculiar organization of that court, the number of its clerks and depu-

ties, and holding its sessions in different rooms of the court house. That the clerk did find it, is shown by his putting a file mark on it after the court refused to set aside the default. This is complained of by the appellant, and we think justly. The clerk had no right to file the summons *nunc pro tunc,* without leave of the court. It would be dangerous to tolerate such a practice, as it would grow by indulgence, until finally all the process and orders of the court would be made subject to the correction of the clerk. But this does not change the important fact that the summons was served on the defendant in due time according to law, and duly presented to the court, and passed to the clerk to be filed. At that moment the clerk should have asked the direction of the court as to the file mark it ought to bear, and the court would at once have instructed him of the day the default was taken, for on that day and occasion the summons was in fact presented to the court, and on which the default was allowed.

As to the authority in the attorneys to bring the suit, that was apparent from the fact they were attorneys of the court, and nothing was shown to warrant the court in believing they had improperly assumed authority in this instance. The attorneys had the note and produced it on the trial. That is, of itself, a strong presumption of authority to sue on it. That presumption must prevail, unless something is shown to countervail its force, and nothing of this nature has been shown. Besides, this motion is in the class of motions of a dilatory character, and cannot be entertained after a default. The defendant should have appeared and made the motion on the day he was summoned to appear, and in apt time on that day. *Fry* v. *County of Calhoun et al.,* 14 Ill. 132; and see *Miller* v. *Metzger,* 16 id. 392, and cases there cited.

It must be a very strong case indeed, in which a court will set aside a default regularly obtained, to let in a motion of this character. We do not now recollect a case where it has been done. On an affidavit of merits, a default is usually set aside if a good defense on the merits exists, and the party has been diligent in preparing it.

This brings up the consideration of the affidavit filed by the defendant. We have examined it carefully, and cannot find a solitary fact stated in it, amounting to a defense on the merits; on the contrary, there is a distinct admission that the note was due the plaintiff, and no part of it paid. The defendant's great complaint was, that as he had acted as trustee and friend of the plaintiff, it was quite unaccountable plaintiff should have found another friend and put his business in his hands, a part of which was to demand the payment of this note. And he acknowledges the pretended agent of the plaintiff did demand payment of him, and showed him a paper as evidence of his authority, which, though inartificially drawn, was such evidence. The affidavit of Clifford, the acting agent of the plaintiff, explains the whole matter fully. It shows his authority — his honest possession of the note, the purpose for which plaintiff gave it to him, and his own responsibility as a resident of the city and as a man of large property. It is unnecessary to dilate upon the facts stated in it; it is sufficient to say they show authority, if any could be demanded at this stage of the case, to prosecute the suit.

As to the diligence used by defendant, he has shown none. He was served with process on the 25th of September, and his default entered on the seventh of October, twelve days after service. During all this time he reposed in inactivity, waiting for the return of his counsel, who were professionally employed in an adjoining county, and not until he heard the judgment had been entered, did he send word to them.

The attorneys did not leave Chicago until the third day after the service of the process on defendant. In those three days the defendant could have charged them with the defense of this suit, and they would have applied to a brother lawyer to look to the case and prevent, at least, a default. Besides, if his regular counsel did not return in time, why did not the defendant speak to some other lawyer to see to the case until his counsel did return? But he did nothing, and we are inclined to think, from his affidavit, if he had been industrious and diligent, he could not have established any defense. There are

no merits disclosed in the affidavit. In addition to this, in the exercise of a judicial discretion, we are unable to see how the court could be justified, had the default been set aside. As to allowing a counter affidavit, we know of no rule of practice to forbid it, and we think it a good practice in such a case as this, in which the main point of attack was on the authority of the plaintiff to prosecute the suit.

As to the jurat of this counter affidavit wanting a stamp, which is the remaining point, we have to say it is not our opinion one is necessary, when an affidavit is made in the progress of a cause, or on a motion in court. It is only by considering jurats certificates, that a stamp is deemed necessary in any case.

We see nothing in the case erroneously determined by the court below, and therefore affirm the judgment.

*Judgment affirmed.*