### No. 2,402.

FRANK C. KLINE (By Henry Starr, his Guardian *ad litem*), Respondent, v. THE CENTRAL PACIFIC RAILROAD, Appellant

Action for Damages. — Forcible Ejection from Railroad Car. — In an action for damages for injuries sustained by a forcible ejection from a railroad car, while in motion, proof that the conductor ordered plaintiff to get off, and accompanied such order with a show or demonstration of force sufficient to impress him with the belief that it would be employed, and thereby compelling him to jump from the car, is equivalent to proof of the employment of actual force.

Appeal from the District Court of the Sixth District, Sacramento County.

The facts are stated in the opinion.

*H. Edgerton,* for Appellant.

*First*—The evidence was insufficient to support the ver-
dict. The only evidence offered on the part of the plaintiff
to prove the cause of the injury complained of, was that
given by himself. He testified to an impossible state of
facts, and there is a total failure of proof to support the alle-
gations of the complaint.

*Second*—The Court erred in refusing to give the eighth
instruction asked by the defendant, that : "In attempting to
get upon the defendant's car, at the time and place he made
such attempt, the plaintiff was guilty of a trespass upon the
rights of the defendant; and the conductor had the right to
use such force, if immediately applied, as was necessary to
push him back and off from the car, at any point before he
might have fairly arrived upon the platform, and while
attempting to pass to the platform." (*Kline* v. *Central Paci-
fic R. R. Co.* 37 Cal. 400; *Levit* v. *Salem & S. D. Railway
Co.* 9th Allen, p. 557.)

*Third*—When the wrongful act of the plaintiff concurs
with that of the defendant in producing the injury, and there
is no malice, or wanton or gross neglect on the part of the
defendant, the law will not aid the plaintiff in obtaining
redress. Under such circumstances, the mere want of ordi-
nary care and prudence on the part of the defendant will not
render him liable. (*Kerwhacker* v. *C. C. R. R. Co.* 3 Ohio,
188; *Tonawanda R. R. Co.* v. *Mungo,* 5 Denio, 255; *Rath-
burn* v. Payne, 19 Wend. 399; *Brown* v. *Maxwell,* 6 Hill, 592;
*Brand* v. *Troy and Sch. Railway,* 8 Barb. 368; *Phil. and
Reading Railway* v. *McClosky,* 44 Penn. 375.)

*Fourth*—The Court erred in refusing to give the defend-
ant's tenth instruction, that : "Unless the jury find from the
evidence that the conductor ejected the plaintiff from the car
with actual physical force, they must find a verdict for the
defendant."

Assuming that the defendant is liable for a want of ordi-
nary care and prudence, in not stopping the train, or slacken-
ing up to a slower rate of speed, at the time the plaintiff was
thus ordered off from the car, still, if the jury rejected the

evidence of the plaintiff as incredible, as they must have done, and accepted the evidence of the conductor, as giving a true account of the affair, they must have found a substantial variance between the allegations of the complaint and the proofs, and the defendant was, on this ground, entitled to a verdict. (Pr. Act, Secs. 71 and 579; 1 Green. Secs. 56–73; Stephen on Pleading, 342.)

*Fifth*—The damages are excessive, and appear to have been given under the influence of prejudice or passion.

*Henry Starr*, for Respondent.

Although the entry of plaintiff upon the car was a trespass, yet if it was accomplished before the conductor attempted to interfere, his entry did not directly conduce to the injury he sustained, but was, in the sense of the rule under consideration, only its remote cause, and did not therefore absolve the conductor from the duty of using reasonable care and prudence in putting him off the train. (*Kline* v. *C. P. R. R. Co.* 37 Cal. 407.)

The fact that one person is in the wrong does not, in itself, discharge another from the observance of due and proper care toward him. There have been adjudications, both in England and this country, where parties have been held responsible for their negligence, although the party injured was, at the time of the occurrence, culpable, and, in some of the cases, in the actual commission of a trespass. (*Kerwhacker* v. *C. C. R. R. Co.* 3 Ohio, 189.)

The Court was right in refusing defendant's tenth instruction, because the act complained of by plaintiff was a trespass—an action in tort; and the same rules of law will apply as in a case of assault and battery. The lesser offence is included in the greater.

There is nothing in the case to warrant the supposition that the jury rejected the testimony of the plaintiff and adopted that of the conductor—but the presumptions are the reverse. A verdict was for plaintiff for damages, and they were not adequate to the case—much less excessive.

TEMPLE, J., delivered the opinion of the Court, WALLACE, J., CROCKETT, J., and RHODES, C. J., concurring :

So far as affects the legal questions involved, the facts proven on the part of the plaintiff do not vary materially from those stated in the report of the case upon the former appeal (37 Cal. 400). The evidence on the part of the defendant tends very strongly to show that the witnesses for the plaintiff had testified to an impossible state of facts, and that they must necessarily have misstated the very material facts upon which the plaintiff's right of action depends. Still, this makes but the ordinary case of a conflict of evidence. It would have a very material bearing upon the consideration which should be given to the testimony of the plaintiff, but it is not a ground for setting aside the verdict of the jury and the judgment of the Court below.

The conductor testifies that, when the plaintiff jumped or fell from the car, he fell down, but free from the cars ; that he did not lose sight of him until nearly the whole train had passed, and thought he was free from danger ; that he examined the wheels of the cars soon after, and found marks upon the last wheels of the rear car only ; that nearly three cars of forty feet each had passed before the boy was injured, and that, had he retained his first position upon the ground, he would not have been injured.

This evidence is uncontradicted; but we think the fact cannot possibly affect the liability of the defendant. The plaintiff testifies that he was made insensible by the blow from the conductor. This is, perhaps, so improbable that we may presume it could have no weight upon the jury ; but, naturally, the plaintiff was confused by the fall. Instinct would prompt him to endeavor to rise as quickly as possible from his prostrate position, and to struggle to escape evident and immediate danger. Injuries received under such circumstances are the direct and immediate consequence of the wrongful act. To hold otherwise would be to hold the plaintiff responsible for a degree of presence of mind which cannot reasonably be expected from any one, whether infant or adult.

The Court was asked to instruct the jury, in substance, that the plaintiff, being a trespasser in attempting to get upon the car of the defendant, if he had not succeeded in getting upon the platform of the car and was attempting to pass to the platform, the conductor had the right to use such force, if immediately applied, as was necessary to push him back and off the car. We think, upon the evidence in this case, this instruction was properly refused. The conductor testified that the plaintiff was upon the steps of the car, and he details a conversation had with him while there, and he would be no more justified in ejecting plaintiff from the steps of the car, in such a manner as to endanger his life or limbs, than from the platform or interior of the car.

The complaint alleges that the agent and servant of the defendant seized hold of the plaintiff negligently and carelessly, and with force and violence shoved, pushed and threw him from the cars, etc. On the trial the defendant introduced evidence tending to prove that no physical force was used in ejecting plaintiff, and thereupon asked the Court to instruct the jury as follows: "Unless the jury find from the evidence that the conductor ejected plaintiff from the car with physical force, they must find a verdict for the defendant." The instruction was refused, and such refusal is assigned as error.

It is contended that the allegation that the plaintiff was shoved, pushed and thrown from the car is not sustained by proof; that the conductor ordered him from the car in such a manner as to induce obedience without regard to the danger; that proof that there was a show or demonstration of force sufficient to impress the plaintiff with the belief that it would be employed, and thereby compelling him to jump from the car, does not support the allegation of actual force.

This is not an open question in this case. The former appeal was from judgment of nonsuit. The pleadings were the same as in the present appeal. The Court say in substance, that evidence tended to show that plaintiff was upon the car; that he did not fall off in endeavoring to get in; that he did not fall off accidentally, or get off voluntarily. He must have got off, because he was ordered to do so by

the conductor, with a show of force, or he must have been with actual force pushed off, and in either case, the plaintiff should not have been nonsuited.   That the Court could not say *judicially* that a boy sixteen years of age was so mature in judgment that he could withstand the menacing command of one in authority, or that the act was any more voluntary than if he had been actually thrust off by superior strength, and the Court say in conclusion:

"Without undertaking to lay down a general rule, we think that under all the circumstances of this case, taking in consideration the youth of the plaintiff, the question of compulsion should have been allowed to go to the jury, even without taking into account the positive testimony of the plaintiff, that he was forcibly pushed or knocked off the cars.   Without his testimony there was evidence of conduct on the part of the conductor which a jury might reasonably hold to be equivalent to compulsion by actual force."

But, independently of this, we think the instruction was properly refused.   The substantial and material fact in the allegation is the forcible expulsion of the plaintiff; and if a less degree of force than the actual putting out of plaintiff by physical force is sufficient to render the defendant liable, we have no doubt such proof is admissible under the pleadings.

While we find no error in the case for which the judgment should be absolutely reversed, we think the damages given by the jury excessive.   The very theory upon which the plaintiff was allowed to recover at all rebuts the idea that there was anything wilful or malicious in the conduct of defendant's agent; for if the act were done through the malice of the employé, the defendant would not be liable.

The order and judgment, therefore, will be reversed and a new trial ordered, unless the plaintiff, within ten days from this date, file his consent in writing that all that portion of the judgment in excess of the sum of $7,000 and costs be remitted; and in case such written consent be filed, it is ordered that the judgment be affirmed.

SPRAGUE, J., expressed no opinion.