[S. F. No. 2392.   Department Two.— March 11, 1901.]

E. R. THOMASON et al., Appellants, v. JOHN J. CARROLL
et ux., Respondents.

STREET IMPROVEMENT — PROTEST OF MAJOR PART OF FRONTAGE — JURIS-
DICTION OF BOARD — INVALID ORDER. — Where a street improvement
in San Francisco is ordered by the board of supervisors, if the
owners of the portion of the lots fronting on the proposed work file
a valid protest against the improvement, the board has no jurisdic-
tion over the improvement, under the original resolution, and an
order, made after six months, that the proposed work be done,
without republication and posting of a resolution of intention, is
invalid.

ID. — FILING OF PROTEST — INDORSEMENT OF CLERK — AUTHENTICATION
— PROOF OF FILING. — The street-improvement law only requires
that the protest be delivered to the clerk, and that the clerk shall
indorse thereon the date of its reception by him. He is not re-
quired to authenticate his indorsement by any signature or certifi-
cate. When the protest is delivered to the clerk for filing or
indorsement, it is, in contemplation of law, filed with the board;
and even if the clerk should fail to indorse it, the filing would not
be defeated, but could be proved as a fact by proper evidence.

ID. — TIME OF FILING PROTEST — CONSTRUCTION OF STATUTE — FILING
BEFORE END OF PUBLICATION NOT PREMATURE. — The statute pro-
viding that the owners of the majority of frontage of the property
fronting on the proposed work "may make a written objection
to the same within ten days after the expiration of the time of the
publication and posting" of the notice of street-work, is to be con-
strued as intending merely to limit the period of the filing of the
protest, and not as requiring that the protest shall not be filed at
any time after publication has been made, although not yet com-
pleted. A protest filed on the last day of publication is not pre-
mature.

ID. — ACTION OF BOARD UPON PROTEST — ESTOPPEL. — Where the protest
is accepted and acted upon by the board, the owners cannot
be heard to say that they filed it too soon, nor can the board be
heard to dispute the binding force of their act.

ID. — FORMER JUDGMENT NOT PLEADED IN BAR — FINDING NOT MADE
GROUND OF JUDGMENT. — Where a former judgment, not referred to
in the complaint, and only referred to in the answer by way of an
admission, was not pleaded in bar, a finding reciting the former
judgment and the proceedings upon which it was based, which was
not and could not have been made the ground for the judgment in
favor of the defendant, was productive of no injury to the plaintiff.

ID. — STOPPAGE OF WORK FOR ONE BLOCK — HEARING OF PROTEST — ACCEPTANCE. — A valid protest may stop proceedings, where the work is only for one block. The fact that the protest might be disallowed upon a hearing cannot affect the right of protest; and where the board accepted the protest, and declared it to be a bar, there was no necessity to give the owners a hearing.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion.

J. C. Bates, for Appellants.

H. N. & Jabish Clement, and D. H. Whittemore, for Respondents.

CHIPMAN, C. — Action to foreclose a street-assessment lien. Defendants had judgment, from which and from the order denying motion for new trial they appeal.

It was admitted at the trial that the assessment, warrant, diagram, and certificate were all in due form, and that they constituted a *prima facie* case for plaintiffs, who are assignees of one C. F. Cormack, the contractor. The work ordered was for paving and laying granite curbs on Guerrero Street, between Eighteenth and Nineteenth streets, in the city and county of San Francisco, the total frontage of the work being 1,040 feet. It was alleged in the answer "that the owners of the major portion of the frontage of the lots fronting on said proposed work filed with the clerk of said board [the supervisors] written objections to the same within ten days after the expiration of the time of the publication and posting of the notice of the passage of the resolution of the board declaring their intention to order said work, and said owners never petitioned to have said work done," and that the board never acquired jurisdiction to order said work. The court found the above allegations of the answer to be true, and this finding is challenged.

On May 15, 1893, more than six months after the protest was filed, the board ordered the work done, without republication and posting of a resolution of intention, as required by section 3 of the act of March 31, 1891 (Stats. 1891, p. 196). Such order was invalid if there was a valid protest filed. (*City Street Imp. Co.* v. *Babcock*, 123 Cal. 205; *Pacific Pav. Co.*

v. *Reynolds*, 62 Pac. Rep. 212.) Appellants contend that the board had authority to order the work, because, — 1. The protest was not filed in time; and 2. It was not indorsed by the clerk.

Defendants produced from the office of the clerk of the board, and offered in evidence, a document with certain indorsements thereon. The document was a protest addressed to the board, dated San Francisco, October ——, 1892, and purported to be signed by the owners of 658½ feet of the frontage, being more than one half of the frontage on Guerrero Street proposed to be improved. The protest had thereon the following indorsements: —

"Protest. Property owners. Against paving Guerrero St. between 18th and 19th streets, 638½ feet."

"Oct. 10–92 S. C. recom. & Int. 7721."

By rubber stamp indorsed as follows: —

"Majority protest which under the law stops further proceedings for 6 months. Oct. 27, 1892."

Further indorsed as follows: —

"Clerk's office. Filed Oct. 24, 1892. San Francisco. Board of Supervisors. No. 27."

"Protest, Guerrero Street between 18th and 19th Sts. Dated, Oct. 24, 1892."

Plaintiffs objected to the evidence, on the grounds, — 1. That there is no evidence that the above document "was ever filed or officially indorsed by the clerk, or any one," and therefore it "did not amount to a protest, under section 3 of the street law, or have the effect to stop or bar further or any proceedings for six months or any time"; 2. There was no evidence of the genuineness of the signatures to the protest, or of any ownership of any lots fronting on the work. The objections were overruled and plaintiffs excepted. The second ground of objection is not now urged. The only resolution of intention was adopted October 10, 1892, and was regularly posted October 14th, and regularly published daily, — the first insertion being October 17th, and the last October 24, 1892. The report of the street committee and the action of the board thereon appeared from the minutes of the board of October 24, 1892, as follows: —

"Petitions, protests, etc., were presented, received, and referred, as follows: . . . To the Committee on Streets, Wharves, Grades, and Public Squares. . . . Protests. . . . Guerrero Street, between Eighteenth and Nineteenth streets."

The minutes of October 31, 1892, were read, showing as follows: "The Committee on Streets, . . . by Supervisor Tabor, presented a report, which was received, read, and on motion adopted as the action of the board on the matters contained therein." The committee on streets filed their report October 31, 1892, and the minutes relating thereto read as follows: "The following protests against performance of street-work, each representing a majority of the property liable for the cost of the work thereof, bar for six months any further proceedings in relation thereto, to wit, . . . against paving, etc., Guerrero Street, between Eighteenth and Nineteenth streets."

Plaintiffs objected to this evidence, on the ground that the board did no more than "to adopt the legal opinion of the committee as to the effect of the protest, if legally and officially filed and indorsed as provided by section 3 of the general street law." The objection was overruled, and plaintiffs excepted. The foregoing constituted all the evidence in the case.

1. It is urged that the evidence fails to show any filing of a protest, because the indorsements appearing on the document are not authenticated by the clerk's signature. The contention seems to be that it was the duty of the clerk to authenticate the indorsements, failing in which the evidence was inadmissible, and proved nothing if admitted. The statute provides that the owners of a majority of the frontage of the property fronting on the proposed work "may make a written objection to the same within ten days after the expiration of the time of the publication and posting of said notice [notice of street-work], which objection shall be delivered to the clerk of the city council, who shall indorse thereon the date of its reception by him, and such objections, so delivered and indorsed, shall be a bar for six months to any further proceedings in relation to the doing of said work or making said improvement, unless the owners of the majority of the frontage, as aforesaid, shall meanwhile petition for the same." (Stats. 1891, sec. 3, p. 196.) The statute does not require the clerk to do more than indorse on the protest the date of its reception by him. He is not required to authenticate his indorsement by any certificate. If the protest were in fact filed with the clerk, his failure to indorse the date when received would not defeat its object, for the fact could be proved, as any other fact, by proper evidence. When the document was deposited with the clerk for filing or indorsement, it was, in contemplation of law, filed with the

board. (*Tregambo* v. *Comanche etc. Co.*, 57 Cal. 501.) In *Rauer* v. *Lowe*, 107 Cal. 229, and *Warren* v. *Ferguson*, 108 Cal. 535, cited by appellants, the engineer had failed to make the certificate required by the statute. But, as we have seen, no such certificate is required of the clerk. In the present case the protest was produced from the records of the board in their official custody, and showed the indorsements as above stated, and it appeared by the minutes of the board that the protest was filed October 24, 1892. We think this made sufficient proof of the facts.

2. It is also contended that the protest was prematurely filed, and was therefore ineffectual to accomplish any purpose. The point made is, that the posting and publication of the "notice of street-work" must have been completed, after which ten days are given within which to file the protest. If filed after said ten days, it is claimed to be too late, and if before, it is too soon. The resolution was passed October 10th, was posted October 14th, and the first publication was October 17th, and continued daily to and including October 24th, on which latter day the protest was filed. Section 3 of the act requires the notice "to be published for six days." It was held in *Warren* v. *Russell*, 129 Cal. 381, that the protest, not having been filed within the ten days prescribed by the street law, was too late to give jurisdiction in the premises to the board of supervisors. We think, however, that the statute is intended to prescribe the time within which the protest shall be filed, or in other words, beyond which it cannot be made, and that the protest may be filed at any time after publication has been made, although not yet completed. The object of the law is to apprize the owners of the lots, by the notice, of the contemplated improvement, and we can see no reason for holding that the lot-owners may not file their objections as soon as the notice is published. There was an obvious purpose in limiting the time beyond which the owners could not object, but we can see no reason for providing that a protest must not be made until the notice has run the six full days, and we do not think the law should receive the construction contended for by appellants. The situation is not unlike that of a person holding a claim against an estate. He is required by the code to present his claim within the time fixed by the notice to creditors (Code Civ. Proc., sec. 1493); but he may present it before notice to creditors is published. (*Janin* v.

*Browne,* 59 Cal. 37.) In the case here, the board received the protest on October 24th, and referred it to the street committee, and that committee acted upon it. The owners would not be heard to say they filed the protest too soon, nor can the board now be heard to dispute the binding force of their act.

3. Finding 4 recites the bringing of an action by plaintiffs' assignor against these defendants, to foreclose his lien for the work mentioned in the complaint; that issue was joined and a trial had, resulting in a judgment in favor of defendants, based upon certain irregularities in the assessment, diagram, and warrant. It is urged, and is true, that there is no evidence to support this finding. The complaint said nothing about such an action being brought, and the answer referred to it only by way of an admission, but the warrant described purported to issue December 7, 1893, while the warrant in the present action is alleged to have issued November 4, 1896, although the work was apparently the same in both instances. The answer does not purport to plead the judgment in bar, and we cannot see why mention was made of the former action, either in the answer or in the finding referred to. So far as appears, however, the finding was not made, and could not have been made, the ground for the judgment, and hence there was no injury done to plaintiff by the finding.

4. It is claimed that a majority protest does not stop proceedings, where the work is for only one block. Section 3, *supra,* reads, that "the owners of a majority of the property, . . . where the same is for one block or more, may make written objections," etc.

The right to protest is not affected by the later provisions in the section, where it is provided that the council may, under certain circumstances, disregard the objections. When a protest is duly filed, the council obtains jurisdiction to order the work by passing upon the legality of the protest. Section 3, *supra,* provides that "at the expiration of twenty days after the expiration of the time of said publication, . . . if no written objection to the work therein described has been delivered, as aforesaid, by the owners of a majority of the frontage, . . . or if any written objection purporting to be signed by the owners of a majority of the frontage is disallowed by said council, . . . the city council shall be deemed to have acquired jurisdiction to order any of the work to be done," etc. In the case here, the board declared the protest to be a bar, without

which action it would have been their duty, under the act, to fix a time to hear the protest. Having treated the objections as a bar, there was no necessity for giving the owners a hearing.

It is advised that the judgment and order be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.