[S. F. 10228. In Bank.—November 15, 1922.]

In the Matter of the Estate of ALICE M. CARROLL, etc., Deceased. F. W. GEORGESON, Executor, etc., Appellant, v. BERTHA STEINHOFER et al., Respondents.

[1] APPEAL—JUDGMENT—CONDITIONAL ORDER.—A reviewing court may make a conditional order that the judgment be affirmed upon the requirement that the respondent consent to remit a portion of the judgment.

[2] ID.—REMISSION OF PORTION OF JUDGMENT—PLACE OF FILING—DISCRETION.—Ordinarily, the reviewing court may in its discretion order that the remission be filed in the reviewing court or direct the court below to make the requisite order for a modification of the judgment upon the going down of the remittitur.

[3] ID.—EFFECT OF CONDITIONAL ORDER.—While there is no fixed or uniform rule as to whether the remission of a portion of a judgment should be filed in the reviewing or trial court, the judgment in whatever court the remission is directed to be made becomes automatically and permanently affirmed or reversed, as the case may be, upon the performance or nonperformance of the condition.

[4] ID.—PLACE OF FILING REMISSION—SILENCE OF OPINION—APPELLATE COURT.—Where an order for a remission of a portion of the judgment did not designate the court in which the remission should be filed, but did direct that the remission be made within thirty days after the filing of the opinion of the appellate court, the order should be construed to mean that the remission should be filed in the appellate court, since no other court had jurisdiction of the action during the time designated in the opinion.

[5] ID.—TENDER OF REMISSION—RETURN BY CLERK WITH DIRECTIONS—EFFECT OF.—Where a judgment was affirmed on condition of the remission of a specified amount thereof by respondents within thirty days from the filing of the opinion but no designation was

made as to the court in which the remission should be filed, and the attorneys for respondent within such period mailed to the clerk of the appellate court a remission addressed to such court specifically referring to the opinion, appropriately captioned, signed by them and signed and acknowledged by the respondents, accompanied with a letter requesting advice as to whether the instrument was in proper form, and the clerk returned the remission to the attorneys with a letter stating that he had been directed by the court to inform them that the matter should be taken up with the trial court, such return was tantamount to a refusal to file the instrument in the appellate court, and the trial court was justified in finding that the remission in due and proper form from the judgment of the amount designated by the court of appeal was made within the designated period.

[6] RECORDS—PAPER WHEN FILED.—A paper is filed of record, in contemplation of law, when it is delivered to the proper official with the intention that it shall become part of an official record and the filing thus made is not impaired by the clerk's failure or refusal, without good cause, to receive and record the same as filed in the records of his office.

APPEAL from an order of the Superior Court of Humboldt County directing payment of a claim against an estate of a deceased person. Denver Sevier, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. C. Nelson and Puter & Quinn for Appellant.

W. Ernest Dickson for Respondents.

LENNON, J.—This is an appeal from an order of the superior court of Humboldt County directing the executor of the last will and testament of Alice M. Carroll to pay to Bertha Steinhofer and Herman Steinhofer, respondents herein, the sum of $2,024.43, less the sum of $69.43, from the moneys of said estate. The facts are as follows: Alice M. Carroll, sometimes called Alice M. Perry, died testate in the county of Humboldt on or about August 20, 1917. F. W. Georgeson, the appellant herein, was duly appointed the executor of her last will and testament, and at all times since then has been and is now the duly qualified and acting executor. During the course of the administration of said estate Bertha and Herman Steinhofer, the respondents herein, presented a claim to said executor for certain services

and expenditures claimed to have been made by them for and on behalf of said deceased. Said claim was rejected and disallowed by said executor. Thereafter the said claimants, the respondents in the present case, filed an action in the superior court of the county of Humboldt against the appellant herein as the executor of said estate. A trial of said cause was had with a jury and a verdict rendered in favor of the plaintiffs and against the said executor in the sum of $2,024.43. Judgment was accordingly duly entered on said verdict for said sum in favor of the plaintiffs, who are respondents here. Upon an appeal from the judgment thus rendered and entered in the case the district court of appeal for the third appellate district, in its opinion rendered and filed October 15, 1921, after disposing of the points made in support of the appeal, ordered and directed that if the plaintiffs in that action, who were the respondents upon the appeal taken therein, "within thirty days from the filing of this opinion remit in due and proper form the sum of $69.43 of the amount awarded them by the verdict and judgment . . . the said judgment . . . be and the same shall stand affirmed, but if the plaintiffs fail or refuse within said time to remit said sum . . . from said judgment, then the judgment appealed from will stand as reversed and the cause remanded for a new trial."

Thereafter on October 19, 1921, the attorneys for the respondents upon that appeal wrote, addressed and mailed a letter to the clerk of said district court of appeal, which letter was to the effect that enclosed therein was a release by respondents of said sum of $69.43 from said judgment and that it was the desire of respondents "to release that portion of the judgment in accordance with the suggestion of the appellate court." The letter referred to requested the clerk of the appellate court to advise the writer whether or not the release inclosed therein was in proper form. The release inclosed to the clerk was signed by the attorney for the plaintiffs in the action and also signed and acknowledged by the plaintiffs. It was appropriately captioned with the title of the court and cause. It was addressed to the appellate court and, after reciting the fact of the rendition of the said court's opinion and the direction therein for a remittance of a portion of the judgment therein referred to, proceeded to and did declare that "in

pursuance of said opinion and direction, we the plaintiffs above named, do hereby remit and release from the amount of said judgment the sum of sixty-nine and forty-three hundredths (69.43) dollars.''

The letter and the release were received in due season by the clerk of the appellate court, who shortly thereafter returned the release to the attorney for the plaintiffs, accompanied by a letter which stated that the release was returned for the reason that the clerk was ''instructed by the court to return the same to the attorney for the plaintiffs.'' The letter last referred to further stated that the clerk had been directed by the appellate court to inform the attorney for plaintiffs that the matter of remitting a portion of the judgmen should ''be taken up with the Superior Court of Humboldt County,'' in which court the judgment was originally made and entered. Following the receipt of the letter last referred to and the return of the release from the clerk of the appellate court, the attorney for the plaintiffs in the action on October 26, 1921, filed with the clerk of the superior court of Humboldt County a release executed and acknowledged by the plaintiffs, which was substantially the same as the release forwarded in the first instance to the clerk of the appellate court. On October 27, 1921, the said superior court made and entered an order in the action in question which, after reciting the facts of the making and entering of the original judgment, the direction of the appellate court for a remission of a portion thereof and the filing, in said superior court, of the plaintiff's written consent to a remission from the judgment of the sum of $69.43, directed that the said judgment be accordingly modified of record by deducting therefrom the sum so remitted. Thereafter on March 3, 1922, the superior court of Humboldt County, in response to a proceeding instituted in that court by the plaintiffs in the original action, now the respondents here, made and entered an order in the estate of said Alice M. Carroll directing the defendant in said action, now the appellant here, as the executor of said estate to pay to said plaintiffs the sums called for by the judgment in controversy less the sum of $69,43 which had been remitted therefrom in keeping with the direction of the appellate court. It is from this order of the superior court that the appeal is taken.

The *remittitur* in the case came down from the appellate court and was filed with the superior court on the fifteenth day of December, 1921. No contention is made that the appellate court did not have the power to make the affirmance or reversal of the judgment conditional upon the waiver or nonwaiver of a portion of the judgment appealed from. It is contended, however, in support of the present appeal, that no remission of the judgment was made in "due and proper form" as required by the opinion of the appellate court and that as a consequence the judgment appealed from was in effect reversed. This contention is based solely upon the fact that the remission was not filed with the appellate court within the time limited by the opinion of that court. It is argued in this behalf that inasmuch as the appellate court retained jurisdiction of the action until the *remittitur* came down and was filed with the superior court, the filing of the remission in the superior court was a vain and useless thing which, in the absence of jurisdiction in that court to proceed at all in the premises until the *remittitur* came down, could not be made the predicate for modification of the judgment. Conceding this contention to be correct, still it is not conclusive of the question of whether or not the plaintiffs made, in due and proper form, a remission of the judgment in controversy as directed by the appellate court. [1] It is not uncommon for reviewing courts to make a conditional order, as was done in the instant case, that the judgment be affirmed upon the requirement that the respondents consent to remit a portion of the judgment. (*Paige* v. *O'Neal,* 12 Cal. 483; *Doll* v. *Feller,* 16 Cal. 432; *Smith* v. *Johnson,* 23 Cal. 64; *Hooper* v. *Wells,* 27 Cal. 11 [85 Am. Dec. 211]; *Crowthers* v. *Rowlandson,* 27 Cal. 377; *Lally* v. *Wise,* 28 Cal. 539; *Carpentier* v. *Gardiner,* 29 Cal. 160; *Pinkerton* v. *Woodward,* 33 Cal. 557 [91 Am. Dec. 657]; *Tarbell* v. *Central Pacific R. R. Co.,* 34 Cal. 616; *Kinsey* v. *Wallace,* 36 Cal. 462; *Kline* v. *Central Pacific Ry.,* 39 Cal. 587; *Hodapp* v. *Sharp,* 40 Cal. 69; *Mahoney* v. *Middleton,* 41 Cal. 41; *Salstrom* v. *Orleans Bar Gold Mining Co.* 153 Cal. 551 [96 Pac. 292].) [2] Ordinarily, the reviewing court may in its discretion order that the remission be filed in the reviewing court or direct the court below to make the requisite order for a modification of the judgment upon the going down of the *remittitur.* (*Pinker-*

*ton* v. *Woodward, Crowthers* v. *Rowlandson, Kinsey* v. *Wallace, Salstrom* v. *Orleans Bar Gold Mining Co.,* all *supra.*)

[3] It would appear, therefore, that there is no fixed or uniform rule as to where, whether in the reviewing or trial court, the remission of judgment should be filed, but in whatever court the remission is directed to be made the judgment becomes automatically and permanently affirmed or reversed, as the case may be, upon the performance or nonperformance of the condition. (*Durkee* v. *Garvey,* 84 Cal. 590 [24 Pac. 929].)

[4] In the instant case the order for a remission of the judgment did not designate the court in which the remission should be filed. The remission, however, was directed to be made within thirty days after the filing of the opinion of the appellate court. The appellate court retained jurisdiction of the case on appeal for thirty days following the filing of the opinion (Const., art. VI, sec. 4) and the superior court would not be reinvested with jurisdiction of the case until the going down of the *remittitur* which, in the ordinary course, would not issue until the expiration of sixty days from the filing of the opinion. (Rule XXXIV of Rules of Supreme Court, 177 Cal. lxi [176 Pac. xiv].) In short, there was no court other than the appellate court which had jurisdiction of the action during the time designated by the opinion of that court within which the remission was to be filed. (*In re Jessup,* 81 Cal. 408, 472 [6 L. R. A. 594, 21 Pac. 976, 22 Pac. 742]; *Niles* v. *Edwards,* 95 Cal. 41 [30 Pac. 134].) It would appear, therefore, that the conditional order of the appellate court should be construed to mean that the remission of the judgment should be filed in that court. This, we take it, is what the plaintiffs in effect did.

[5] The return of the release of the judgment by the clerk of the appellate court to the attorney for the plaintiffs in the original action with directions to present the same to the court below was tantamount to a refusal to file the release in the appellate court. It will be noted that the release was not refused filing by the clerk of the appellate court because of any formal defect therein nor because of a failure to pay any fees which might be required for its filing with the appellate court. While counsel for the plaintiffs did not in his letter to the clerk of the appellate

court, in which was inclosed the release, request in so many words that the release be filed with the records of that court, nevertheless, the very nature of the release itself, the fact that it was addressed to the appellate court and made specific reference to the opinion of that court concerning the conditional order of affirmance, coupled with the statement in the letter of the counsel for plaintiffs that the release had been executed and forwarded to the clerk of the appellate court for the purpose of conforming to the direction of the appellate court, was in effect a request for a filing of the release with that court. The fact that counsel for the plaintiffs in his letter to the clerk of the appellate court expressed his anxiety to have the release executed in proper form did not militate against his tender of the release to said clerk for filing, nor does the act of the clerk of the appellate court in returning the release to counsel for plaintiffs upon the theory that it should have been filed in the court below operate to make the tender of a filing with him in the first instance ineffective. Nor does the fact that counsel for plaintiffs filed a release in the court below constitute a withdrawal of the tender for filing of the release in the first instance with the clerk of the appellate court. [6] All of the circumstances attending the forwarding of the release to the clerk of the appellate court indicate that it was the intention of the counsel for plaintiffs to have the release filed with the records of the appellate court and a paper is filed of record, in contemplation of law, when it is delivered to the proper official with the intention that it shall become part of an official record and the filing thus made is not impaired by the clerk's failure or refusal, without good cause, to receive and record the same as filed in the records of his office. (*Smith* v. *Biscailuz,* 83 Cal. 344 [21 Pac. 15, 23 Pac. 314]; *Howell* v. *Slauson,* 83 Cal. 539 [23 Pac. 692]; *Rollins* v. *Wright,* 93 Cal. 395, 399 [29 Pac. 58]; *Edwards* v. *Grand,* 121 Cal. 254, 256 [53 Pac. 796]; *Thomason* v. *Carrol,* 132 Cal. 148, 152 [64 Pac. 262]; *Hoyt* v. *Stark,* 134 Cal. 178 [86 Am. St. Rep. 246, 66 Pac. 223]; *Dillon* v. *Superior Court,* 24 Cal. App. 760 [142 Pac. 503]; *People* v. *Marsh,* 30 Cal. App. 424, 430 [159 Pac. 191]; *Tregambo* v. *Comanche Mills,* 57 Cal. 501; *Keller* v. *Gerber,* 49 Cal. App. 515 [193 Pac. 809]; *Hart* v. *Forgeus,* 184 Cal. 327

[193 Pac. 764]; *Reed* v. *Curry*, 35 Ill. 536; *Grubbs* v. *Cones*, 57 Mo. 83, 84; *Bensley* v. *Haeberle*, 20 Mo. App. 648; *Aultman* v. *Utsey*, 33 S. C. 611 [12 S. E. 628]; *Poole* v. *Poindexter*, 72 Kan. 654 [83 Pac. 126]; *Bade* v. *Hibberd*, 50 Or. 501 [93 Pac. 364].)

While the order appealed from seems to have been based in part upon a purported finding that the remission in question was made in the superior court of Humboldt County on the twenty-seventh day of October, 1921, nevertheless, the findings, as a whole, upon which the order appealed from must ultimately rest may be fairly construed in support of the order to mean that the lower court found that the remission in due and proper form from the judgment of the amount designated by the court of appeal was made within the thirty days designated in the opinion of said court. The reference in the findings to the filing of the release in the superior court of Humboldt County as of the twenty-seventh day of October, 1921, may be taken as surplusage and ignored without impairing the efficacy of the findings as a whole to support the order appealed from. The findings thus construed are amply supported by the evidence. This is so because the superior court had before it, so the record shows, at the time of the making of its findings and the order appealed from, all of the evidentiary matters pertaining to the execution and forwarding in the first instance of the remission by the plaintiffs in the original action to the clerk of the appellate court. The findings as a whole, therefore, may be fairly said to have been made and based upon the tender to the clerk of the appellate court of the filing of the remission which, as we have said before, was equivalent to an actual filing.

Upon the filing with the clerk of the appellate court the judgment automatically became affirmed, and nothing further was needed to be done to make the affirmation final but the sending down of the *remittitur*. This was done in due course on December 15, 1922, and the lower court, having thereupon regained jurisdiction, had jurisdiction to make the order appealed from.

The order appealed from is affirmed.

Lawlor, J., Richards, J., *pro tem.*, Waste, J., Shaw, C. J., and Wilbur, J., concurred.