[Civ. No. 5792. First Appellate District, Division Two.—June 14, 1927.]

## MATILDA ANDREWS, Appellant, v. JOSEPHINE METZNER et al., Respondents.

[1] JUDGMENTS — PARTITION OF REAL PROPERTY — PENDENCY OF ANOTHER ACTION—FILING—PRESUMPTIONS—APPEAL.—Under section 1704 of the Code of Civil Procedure, as amended by Stats. 1921, p. 105, it must be assumed by the appellate court in support of a judgment abating an action for partition of real property, on the ground that when said action was commenced another action was pending in the same jurisdiction, based on the same cause and contested by the same parties, that the complaint in such action was filed after delivery by the trial judge to the courtroom clerk of a decree of partial distribution in said other action, although such decree was not received at the main office of the county clerk until later.

[2] RECORDS—FILING—COUNTY CLERK.—A paper is filed of record, in contemplation of law, when it is delivered to the proper official with the intention that it should become a part of the official record, and the filing thus made is not impaired by the clerk's failure or refusal, without good cause, to receive and record the same as filed in the records of his office.

[3] COUNTY CLERK—PERFORMANCE OF OFFICIAL DUTY—COURTS—PRESUMPTIONS.—Under subdivision 15 of section 1963 of the Code of

2. What constitutes filing of papers, note, 15 **Am. St. Rep.** 294. See, also, 22 **Cal. Jur.** 607; 23 **R. C. L.** 215.

3. See 21 **Cal. Jur.** 898; 10 **R. C. L.** 880; 22 **R. C. L.** 898.

Civil Procedure, it is presumed that official duty of the county clerk, as *ex-officio* clerk of the courts of record of his county under section 14 of article VI of the constitution, and of a deputy appointed by him under section 4024 of the Political Code, has been regularly performed.

[4] ID.—AUTHORITY OF DEPUTY CLERK.—The authority of a deputy county clerk is coextensive with that of his principal in the performance of his duties.

---

(1) 4 *C. J.*, p. 734, n. 96.   (2) 34 **Cyc.**, p. 587, n. 25.   (3) 11 **C. J.**, p. 910, n. 64.   (4) 15 **C. J.**, p. 513, n. 77; 22 **C. J.**, p. 130, n. 30, p. 137, n. 77.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. W. Durbrow, Frank B. Austin and Eugene S. Selvage for Appellant.

Vogelsang & Brown, Bert Schlesinger and Bradford M. Melvin for Respondents.

BARTLETT, J., *pro tem.*—Plaintiff appeals from a judgment of the superior court of the city and county of San Francisco abating this action on the ground that when it was commenced there was another action pending in the same jurisdiction, based upon the same cause and contested by the same parties in the trial court, the prior action being numbered 146,986 and that under discussion 146,989. There is no question that the complaint in action 146,986 was filed with the county clerk of the city and county of San Francisco prior to the filing of the complaint in action 146,989, both filings being made upon the same day and within a period of time not exceeding one hour of that day.

Both actions are in partition for the purpose of partitioning or selling seventeen parcels of land of a value admitted to be in excess of $1,000,000 situated in several counties of California, which were formerly owned by one James K. Prior, Sr., who died testate on March 22, 1905.

4. See 5 Cal. Jur. 223; 22 R. C. L. 585.

On August 3, 1906, the superior court of the city and county of San Francisco distributed the interest of James K. Prior, Sr., in the properties herein involved to the surviving wife of deceased, Mary Prior, and certain sons and daughters of deceased, the proportions in which the properties were distributed being in accordance with an understanding had between the distributees prior to the distribution. Mary Prior died testate on October 14, 1922, and her will was admitted to probate and letters testamentary thereon issued to James K. Prior, Jr., and Toney Prior on November 29, 1922.

After due proceedings had on May 22, 1924, a decree of partial distribution of all the interest of Mary Prior in these seventeen parcels of land was made to the devisees of Mary Prior by the superior court of the city and county of San Francisco, the hearings thereon being held and said decree being made in department No. 9 of the said superior court.

The plaintiff, Matilda Andrews, in action number 146,989 is a daughter of James K. Prior, Sr., and Mary Prior, and the other defendants are other children and grandchildren of said James K. Prior, Sr., and Mary Prior. In action number 146,986 plaintiffs are four of the children of said James K. Prior, Sr., and Mary Prior, and the defendants are Matilda Andrews (plaintiff in action 146,989) and other children and grandchildren of said James K. Prior, Sr., and Mary Prior.

By their amended answer the defendants in action 146,989 set up as a special plea and defense to the cause of action set forth in the complaint that at the time of the filing of the complaint there was another action pending in the above-entitled court between the same parties to partition the same real property described in the complaint, such action referred to being known and designated as number 146,986 of actions on file and pending in the superior court of the state of California in and for the city and county of San Francisco. Attached to this special plea and defense and made a part thereof was a copy of the complaint in action number 146,986. It was also alleged in the said special plea and defense that said action is still pending and has not been determined.

As their relief in action 146,989 defendants ask judgment that said action be abated.

When the action came on for trial in the superior court defendants offered, and there was received in evidence in support of their plea in abatement, the original files and records of the county clerk's office of the city and county of San Francisco, relating to the two actions. These files showed that the complaint in action 146,986 was filed on the 22d of May, 1924, and a summons issued on said date, and that the complaint in action 146,989 was filed on May 22, 1924, and the summons issued on said date. The complaints in both actions were also introduced and read in evidence, and on this evidence defendants submitted their pleas for abatement of the action.

Thereupon, against the objections of defendants, plaintiff was permitted to introduce verbal evidence of the proceedings which occurred in department No. 9 of the superior court in relation to a decree of partial distribution made in that department of said superior court on the morning of May 22, 1924, in the matter of the estate of Mary Prior, deceased. The purpose of the evidence was declared by counsel for plaintiff to show that the complaint in action 146,986 was filed before the signing and filing of the decree for partial distribution in the estate of Mary Prior. Upon the conclusion of the evidence offered the court granted defendants' motion to abate the action and thereafter made the following findings and conclusions of law, to wit:

"1. That at the time of the filing of the complaint herein and the commencement of this action there was, and still is, another action pending in said Court between all of the same parties above named in the title to this action to partition the same real property described in the complaint herein and embracing the same subject matter set out, contained in, and embraced within the complaint herein, and that the remedies and relief prayed for in both said actions are identical.

"2. The first named action, so brought and referred to, was and is known and designated as number, 146,986 of actions on file and pending in said Superior Court; such last named action is still pending in said Court, and has not been determined.

"And as conclusions of law from the foregoing facts, the Court finds that said defendants James K. Prior, Jr., Lester F. Prior, Toney Prior, and Josephine Metzner are

entitled to judgment that said action numbered 146,989 abate. Let judgment be entered accordingly.

"Dated: August 14, 1924."

On these findings judgment was on the same date given "that said action number 146,989 abate and the same is hereby abated."

Appellant claims that the evidence offered in its behalf on the hearing on respondents' plea of abatement shows that action number 146,986 was commenced prematurely; that it was error to abate action number 146,989; and that the judgment abating said action should be reversed. In support of this contention appellant relies upon the provisions of section 1704 of the Code of Civil Procedure, reading as follows:

"Orders and decrees made by the court or a judge thereof, in probate proceedings, need not recite the existence of facts, or the performance of acts, upon which the jurisdiction of the court or judge may depend, but it shall only be necessary that they contain the matters ordered, or adjourned, except as otherwise provided in this title. All orders and decrees of the Court or Judge must be entered at length in the minute-book of the court, or must be signed by the judge and filed; but decrees of distribution must always be so entered at length." (Amendment approved May 16, 1921; Stats. 1921, p. 105.)

[1] The evidence taken at the trial and relied upon by appellant is in many respects contradictory and unsatisfactory, but it is apparent therefrom that on the morning of May 22, 1924, department No. 9 of the superior court of the city and county of San Francisco had pending therein for determination by Honorable Frank H. Dunne, the judge thereof, a petition for the partial distribution to the devisees of Mary Prior, deceased, of the interests of said Mary Prior at the time of her death in and to a portion of the properties involved in these actions under consideration; that said matter was heard by the judge of said superior court, evidence being offered in support of the plea for distribution, at the close of which the judge said "decree granted." That thereupon the formal written decree of partial distribution, which had been prepared in advance, and examined and agreed to by all the attorneys for the parties interested in said estate, was presented by one

of the attorneys to the courtroom clerk of Judge Dunne's court, who thereupon presented the same to Judge Dunne for his examination and signature. That Judge Dunne thereupon examined and affixed his signature to said partial decree of distribution and delivered the same into the custody of the courtroom clerk of said court. All these proceedings took place and occurred in open court in the courtroom of department No. 9 of the superior court in the city and county of San Francisco at a regular session of the same. As to just what the courtroom clerk did with this document after its delivery to him the record is not clear. Some few minutes thereafter the evidence shows that it was received at the main office of the county clerk of the city and county of San Francisco, and that at this time, and not before, the filing mark showing the day and date of filing was placed upon the document by one of the deputy county clerks in such main office. It cannot be determined from the evidence that at the time the decree of distribution was delivered by Judge Dunne to the court-room clerk that the complaint in action 146,986 had been filed in the office of the county clerk. In support of the judgment of the trial court we must assume that it had not been when the record does not speak to the contrary. Adopting that assumption, it follows that the trial court decided correctly in abating action number 146,989.

[2] The construction sought to be placed by the appellants upon the word *filed* as used in section 1704 of the Code of Civil Procedure is not justified by the many decisions in relation to the meaning of this word that have been made by the appellate courts of this jurisdiction and of other states.

"A paper in a case is said to be filed when it is delivered to the clerk and received by him to be kept with the papers in the cause. Filing a paper consists in presenting it at the proper office and leaving it there deposited with the papers in such office. Endorsing it at the time of filing is not a necessary part of the filing. When filed, it is considered an exhibition of it to the court, and the clerk's office in which it is filed represents the court for that purpose." (*Tregambo* v. *Comanche, M. & M. Co.*, 57 Cal. 501.)

"A paper is filed of record, in contemplation of law, when it is delivered to the proper official with the intention that

83 Cal. App.—49

it should become a part of the official record, and the filing thus made is not impaired by the clerk's failure or refusal, without good cause, to receive and record the same as filed in the records of his office.'' (*Estate of Carroll,* 190 Cal. 105 [210 Pac. 817]; *Smith* v. *Biscailuz,* 83 Cal. 344 [21 Pac. 15, 23 Pac. 314]; *Howell* v. *Slauson,* 83 Cal. 539 [23 Pac. 692]; *Rollins* v. *Wright,* 93 Cal. 395 [29 Pac. 58]; *Edwards* v. *Grand,* 121 Cal. 254 [53 Pac. 796]; *Thomason* v. *Carroll,* 132 Cal. 148 [64 Pac. 262]; *Hoyt* v. *Stark,* 134 Cal. 178 [86 Am. St. Rep. 246, 66 Pac. 223]; *Dillon* v. *Superior Court,* 24 Cal. App. 760 [142 Pac. 503]; *People* v. *Marsh,* 30 Cal. App. 424 [159 Pac. 191]; *Keller* v. *Gerber,* 49 Cal. App. 515 [193 Pac. 809]; *Hart* v. *Forgeus,* 184 Cal. 327 [193 Pac. 764]; *Reed* v. *Curry,* 35 Ill. 536; *Grubbs* v. *Cones,* 57 Mo. 83; *Bensley* v. *Haeberle,* 20 Mo. App. 648; *Poole* v. *Poindexter,* 72 Kan. 654 [83 Pac. 126]; *White Co.* v. *Winton,* 41 Cal. App. 693 [183 Pac. 277].)

In the case of *Keller* v. *Gerber,* 49 Cal. App. 515 [193 Pac. 809], in discussing the functions of deputy county clerks, it is said: "In our opinion each department of the superior court is necessarily a court, and the clerk of each department is the clerk of that court. There is nothing in sections 4178 and 4312 of the Political Code that militates against this conclusion. These sections defining the duties of the county clerk require that he have an office at the county seat and that in such office during the hours from 9 o'clock a. m. until 5 o'clock p. m. of each day in the year, except Sundays and holidays, there shall be present at least one person qualified and prepared to transact the business that may properly come into said office. But neither of said sections supports the contention of appellant that the main, central office, where the permanent records are kept, is the sole and exclusive office of the county clerk. In our opinion every courtroom in which a deputy county clerk is assigned under the law is as much a part of the county clerk's office as if the partitions were removed and it was in fact a part of one room."

[3] The clerk of the superior court is a constitutional officer made *ex-officio* clerk of the courts of record of his county. (Const., art. VI, sec. 14.) He may appoint as many deputies as may be necessary for the prompt and faithful discharge of the duties of his office. (Sec. 4024,

Pol. Code.)   [4]   The authority of a deputy county clerk is coextensive with that of his principal in the performance of his duties.   (*Touchard* v. *Crow*, 20 Cal. 150 [81 Am. Dec. 108].)   It is presumed that official duty has been regularly performed.   (Subd. 15, sec. 1963, Code Civ. Proc.)

In view of the fact that it must be held from the record presented that the action of the trial court in abating action number 146,989 was correct, it becomes unnecessary to discuss the other questions presented by appellant on this appeal.

The judgment is affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 14, 1927.