[Civ. No. 7119. First Appellate District, Division Two.—
November 20, 1929.]

ZURICH GENERAL ACCIDENT & LIABILITY INSUR-
ANCE COMPANY, LTD., a Corporation, Respondent,
v. METROPOLITAN CASUALTY INSURANCE COM-
PANY OF NEW YORK, a Corporation, Appellant.

Lawler & Degnan for Appellant.

Leonard E. Thomas for Respondent.

DOOLING, J., *pro tem.*—Plaintiff had judgment in the court below upon an undertaking given by defendant to release an attachment, and defendant appeals.

Appellant's sole point upon appeal is that the writ of attachment to release which the undertaking was given was a nullity because, it is claimed, the clerk who issued the writ did not receive an affidavit prior to the issuance of the writ of attachment as required by section 538 of the Code of Civil Procedure.

. Appellant contends, and we think correctly, that the provision of section 538 that "the clerk of the court must issue the writ of attachment upon *receiving* an affidavit" is equivalent to a provision for filing the affidavit with the clerk. This construction is in accordance with the long-settled practice and comports with common sense.

The original affidavit, according to the testimony, was never marked with the file stamp by the clerk or placed by him in the file of papers in the case. Instead a carbon copy of the affidavit, unexecuted, was found regularly stamped, among the papers in the clerk's office. An original affidavit was produced in court without the filing stamp of the clerk. As to this affidavit Mr. Mayo Thomas, called as a witness for respondent, testified that he was the attorney who procured the issuance of the writ of attachment and that before the writ was issued he presented to the clerk for filing this original affidavit together with the other necessary papers, and that the clerk "looked it over and the other papers in the case and kept what papers he decided to file. He issued the writ and gave the writ with the others papers back to me."

 The court found that prior to the issuance of the writ of attachment "the said plaintiff delivered to and filed with the clerk of the Superior Court of the County of Los Angeles . . . and the aforesaid clerk . . . received from the said plaintiff an affidavit for attachment . . . "

Under the authorities, we are satisfied that this finding is supported by the evidence of Mr. Thomas above summarized. In view of its clear applicability it is only necessary to cite *Estate of Carroll*, 190 Cal. 105 [210 Pac. 817]. In that case pursuant to an order of the District Court of Appeal of the Third Appellate District a written release was mailed to the clerk of that court for filing. Through a misconception of the effect of the court's order the clerk mailed the document back to the attorney, with direction to file it in the Superior Court. In its opinion in *Estate of Carroll, supra*, the Supreme Court, after holding that the release should have been filed with the District Court of Appeal, said at page 111 of 190 Cal.: "All of the circumstances attending the forwarding of the release to the clerk of the Appellate Court indicate that it was the intention of the counsel for plaintiffs to have the release filed with the records of the Appellate Court and a papar is filed of record, in contemplation of law, when it is delivered to the proper official with the intention that it shall become part of an official record and the filing thus made is not impaired by the clerk's failure or refusal, without good cause, to receive and record the same as filed in the records of his office."

Appellant complains of a finding that the clerk "through mistake and inadvertence, and without the knowledge of the plaintiff herein, returned and handed back to the plaintiff the original affidavit." While there is no direct evidence to support this finding, we think that it was an inference that might properly be drawn from the evidence before the court. In any event, this finding is not necessary to support the judgment and hence, even if erroneous, would not justify a reversal.

Judgment affirmed.

Nourse, Acting P. J., and Sturtevant, J., concurred.